R. G. VAUGHAN, TRADING AS CAROLINA BODY COMPANY, v. B. R. LACY, TREASURER, AND D. B. STAFFORD, SHERIFF.

(Filed 21 June, 1924.)

**Taxation—Statutes—Liens—Vendor and Purchaser.**

Where a manufacturer of automobiles or a receiver appointed for him has failed to pay the license or privilege tax imposed by the Revenue and Machinery acts, C. S., 7987, construed *in pari materia* expressly provides that a lien therefor shall attach to all real estate of the taxpayer situated within the county, etc., and continue until such taxes, with any penalty and cost which shall accrue thereon shall have been paid, and the lien may be enforced by the State, etc., for each tax year accordingly, and a subsequent purchaser of the manufacturing plant is subject to the lien for the nonpayment of the taxes, and it is enforceable against the realty.

APPEAL by plaintiff from *Shaw, J.,* at December Term, 1923, of GUILFORD.

The facts admitted and set out in the judgment are as follows: The Southern Truck and Car Corporation, during the fiscal years 1920-21, 1921-22, and prior thereto, was a manufacturer and dealer in automobile trucks; it owned a factory and plant in Guilford County near Greensboro, N. C., situated upon the tract of land described in the complaint. It was also the owner of this tract of land in fee. In the course of its business it sold during the fiscal year 1920-21 automobile trucks. It did not during said year pay to the State any license tax for selling

the same. On 5 February, 1921, Garland Daniel was appointed receiver of said corporation, and continued as such till 11 November, 1922, when he was discharged, and the property restored to its owner. He as such receiver, under the direction of the court, conducted its business, and during the time of his receivership he sold one truck on 17 February, 1921, and one 26 September, 1921, and he paid no license tax; said license taxes for said fiscal year have never been paid by any one.

On 7 April, 1923, the plaintiff purchased from the Southern Truck and Car Corporation the factory, the plant and tract of land aforesaid, and took a deed therefor, which was duly registered. Plaintiff had no actual notice of the fact that said license taxes had not been paid. His purchase of the land was bona fide and for value. On 1 October, 1923, defendant Stafford, acting under the direction of B. R.. Lacy, State Treasurer, and by virtue of the provisions of the Revenue and Machinery acts of North Carolina, levied upon said land for the nonpayment of the license tax of $500 for the fiscal year 1920-21, and $250 penalty, and a like sum and penalty for the nonpayment of the license tax for the fiscal year 1921-22, and $2 costs, and said sheriff duly advertised said land to be sold therefor. The plaintiff thereupon brought this action, and obtained a restraining order.

His Honor adjudged that the land was subject to a lien for the tax and penalty for each year and subject to sale for nonpayment. The restraining order was dissolved, and the plaintiff appealed.

*Hoyle & Harrison for plaintiff.*
*Attorney-General Manning and Assistant Attorney-General Nash for defendants.*

ADAMS, J. On 5 February, 1921, Garland Daniel was appointed receiver of the Southern Truck and Car Corporation, which for some time prior thereto had been engaged in manufacturing and selling automobile trucks. The receiver continued the business until 11 November, 1922, when, upon his discharge, the property was restored to the officers of the corporation. On 7 April, 1923, the plaintiff purchased all the property owned by the corporation, including several tracts or lots of land. Neither the corporation nor the receiver paid the license tax imposed under Schedule B of the Revenue Act for the fiscal years 1920-21 and 1921-22. Public Laws 1921, ch. 34, sec. 72.

Upon the plaintiff's failure to pay the tax, the sheriff of Guilford County, at the instance of the State Treasurer, levied upon the land described in the complaint with a view to selling it, and the plaintiff obtained a restraining. order which was dissolved at the hearing. The plaintiff excepted and appealed.

The amount of the taxes and penalties is fixed by statute. Public Laws 1923, ch. 4, sec. 78, and ch. 12, secs. 109, 110; Public Laws 1921, ch. 34, sec. 72, and ch. 38, secs. 116, 117. So, likewise, is the lien on land. C. S., 7987 provides: "The lien of the State, county, and municipal taxes levied for any and all purposes in each year shall attach to all real estate of the taxpayer situated within the county or other municipality by which the tax list is placed in the sheriff's hands, which lien shall attach on 1 June, annually, and shall continue until such taxes, with any penalty and costs which shall accrue thereon, shall be paid." This section is a permanent statute in the sense that it is not altered or modified biennially in like manner with certain sections of the Revenue Act. The several statutes relating to the subject should be construed together. By virtue of section 7987, the lien of the taxes for each year attached to the land on 1 June (*Harper v. Battle,* 180 N. C., 377), and in the absence of payment, has since continued. It is therefore immaterial that the plaintiff is a bona fide purchaser of the land for value and without actual notice. The plaintiff contends that the section applies only to such taxes as are collectible by the sheriff under the tax list delivered to him by the board of county commissioners; but the lien which attaches to land is that of State, county, and municipal taxes levied for any purpose. The tax is levied or imposed for the privilege of carrying on the business or doing the act named, and is included in the clause, "taxes levied for any and all purposes."

The constitutionality of the section under which the tax was imposed is discussed in *Bank v. Lacy, ante,* 25.

The judgment is
Affirmed.