NEW HANOVER COUNTY v. JOHN H. WHITEMAN, ARNITA B. WHITEMAN, L. G. WHITEMAN, AND J. H. WHITEMAN, JR.

(Filed 21 October, 1925.)

**1. Government—Taxes—Liens—Statutes—Limitation of Actions.**

Where a county proceeds to foreclose a tax lien under the provisions of C. S., 7990, as distinguished from an action to foreclose the tax-sale certificate, instead of under those of C. S., 8037, which it may elect to do, it proceeds as a part of the state sovereignty, and there is no bar of the statute of limitations, that of C. S., 8037 not applying.

**2. Same—Judgments.**

Where a county brings suit to foreclose a tax lien on the lands of the taxpayer and draws its complaint according to the provisions of C. S., 7990, other taxes due after the commencement of the action are properly included in the judgment therein rendered in its favor.

APPEAL by defendants from NEW HANOVER Superior Court. *Dunn, J.*

The plaintiff sued the defendants, who are the heirs at law of Sarah Whiteman, deceased, to collect taxes assessed against the lands described in the complaint for the years 1916, 1917, 1918, 1919, 1921, 1922 and 1923, in the sum of, including interest as computed in the complaint, $292.68. The defendants denied the levy of the taxes alleged, and set up that the suit was, in effect, an action to foreclose tax certificates purchased by the plaintiff in 1917 and 1918 on account of sale for the taxes for the years 1916 and 1917, and pleaded the five years bar, as set out in C. S., 8037. A consent reference was had and the case was heard on exceptions to the report of the referee. From a judgment rendered in favor of the plaintiff the defendants appealed.

*Nathan Cole for plaintiff.*
*John D. Bellamy & Sons for defendants.*

VARSER, J.   Under C. S., 8037 every holder of a certificate of sale of real estate for taxes is subrogated to the lien of the State (under the present taxation system there is now no tax levied on lands for state purposes), and of the county or other municipal corporation, for the taxes for which such real estate was sold, and each holder (other than counties and other municipal corporations) who elects to proceed under this statute is required to give to the owner or occupant of the real estate which he seeks to sell, ten days written notice of his intention to commence such action in foreclosure, and in his complaint each certifi-. cate of sale held by the plaintiff and each sum expended by him for taxes on such real estate shall be set out as a separate cause of action. It is further provided that inability to find the owner or occupant in the county in which the land is situated shall excuse the failure of plaintiff to give this ten-days notice.

An action under C. S., 8037 is in the nature of an action to foreclose a mortgage and must be commenced within two years from the date of the last certificate of sale held by the plaintiff when the plaintiff is not a county or other municipal corporation.

Counties and other municipal corporations may proceed under C. S., 8037, *if they shall so elect,* when the tax-sale certificates, or tax deeds, held by them, remain unredeemed as much as four years from the dates of such instruments, but such corporations will be barred by the lapse of five years from the delivery of the certificate of sale, or deed sought to be foreclosed.  This statute expressly provides that it may be invoked by those who elect to proceed thereunder, and when election is made to sue under C. S., 8037, the limitations therein prescribed apply, and the benefits accrue.  The holder of a tax-sale certificate or deed is entitled to recover interest at the rate of twenty per centum per annum "on all amounts paid out by him, or those under whom he claims, and evidenced by certificates of tax sale, deed under tax sale, and tax receipts," to be "computed from the date of each payment up to the time of redemption, or final judgment, and shall be added to the principal of the final judgment, which judgment shall bear interest as in other cases."  The Legislature has provided a five years bar in actions under C. S., 8037.

When the action is to foreclose the tax lien, as distinguished from an action to foreclose the tax-sale certificate, or tax deed under C. S., 7990, *there is no statutory bar.  Wilmington v. Cronly,* 122 N. C., 383; *Jones v. Arrington,* 94 N. C., 541; *R. R. v. Commissioners,* 82

N. C., 259. C. S., 7987 provides that the lien on realty for taxes levied, "shall continue until such taxes, with any penalty and costs which shall accrue thereon, shall be paid." *Carstarphen v. Plymouth,* 186 N. C., 90, 94; *Vaughan v. Lacy,* 188 N. C., 123.

Statutes of limitations never apply to the sovereign, unless expressly named therein. *Nullum tempus occurrit regi* is a principle of government which still retains its ancient vigor in respect to taxes. *Wilmington v. Cronly, supra.* Hence, the five years statutory bar in C. S., 8037 expressly limits itself to actions under that section, and, when considered in the light of its own limitation, as well as the doctrine that time does not run against the sovereign, we are unable to hold that the five years statutory bar applies to the instant case.

The power to tax is the highest and most essential power of the government, and is an attribute of sovereignty, and absolutely necessary to its existence. *R. R. v. Alsbrook,* 110 N. C., 137; *Faison v. Commissioners,* 171 N. C., 411; *Redmond v. Commissioners,* 106 N. C., 123; *Wilmington v. Cronly, supra; S. v. Petway,* 55 N. C., 396; *Pullen v. Commissioners,* 66 N. C., 361, 362; *McCulloch v. Maryland,* 4 Wheat., 316.

The defendants' contention that this is a hard case cannot be sustained. It is only requiring the defendants to pay their just and proportionate part of the expense of government. In its essential characteristics, a tax is not a debt, it is an impost levied by authority of government upon its citizens or subjects for the support of the state; it is not founded upon contract or agreement, it operates *in invitum.* *Gatling v. Commissioners,* 92 N. C., 536; *Guilford v. Georgia Co.,* 112 N. C., 34; *Wilmington v. Bryan,* 141 N. C., 666; *Commissioners v. Murphy,* 107 N. C., 38; *Graded School v. McDowell,* 157 N. C., 317; *Commissioners v. Hall,* 177 N. C., 490.

The plaintiff fashioned its complaint under C. S., 7990, and the court found as a fact that the action was instituted under that section, and the judgment follows the law, as therein set out. The defendants' exceptions present no contest as to the levy, but relate to the five years statutory bar in C. S., 8037; hence, they are without merit. The inclusion of taxes due after the action was instituted does not appear to be prejudicial to the defendant. This action is in the nature of a bill in equity to foreclose a lien and it is proper to include in the final judgment a disposition of all liens on the property. *Jones v. Williams,* 155 N. C., 179.

Therefore, let the judgment be

Affirmed.