W. H. WHITLEY, CHARLES SPRUILL AND CHARLES A. FLYNN v. THE CITY OF WASHINGTON, NORTH CAROLINA, AND J. R. MEEKINS, CITY CLERK OF WASHINGTON, NORTH CAROLINA.

(Filed 23 February, 1927.)

**Taxation—Schools—Back Taxes—Statutes—Constitutional Law.**

A city without legislative authority may not levy a back tax to reimburse itself for moneys it has paid on the interest of its bonded debt, on a part of the district that has escaped taxation by reason of inadvertence or error of the proper authorities in listing the property of the owners for that purpose, and an ordinance to that effect is void as inhibited by the State Constitution and statute requiring that taxes shall be uniform and *ad valorem.* Const., Art. VII, sec. 9; C. S., 2678.

APPEAL by defendants from *Nunn, J.,* at December Term, 1926, of BEAUFORT. Affirmed.

Controversy without action. Main facts:

The Washington Public School District embraces the city of Washington, N. C., and also a considerable territory outside of said city, and said city is authorized by law to levy the taxes for said public school district. In 1922 bonds were issued for said school district in the amount of $300,000, and in 1923-24-25, a tax was levied for the purpose of paying the interest on these bonds, but said tax was levied only on the property inside the corporate limits of the city of Washington, and was not levied on the property outside the city of Washington, nor has any tax ever been collected on said property for the purpose of paying the interest on the bonds, the result being that the property inside the corporate limits of the city of Washington has borne the expense of this interest, and that the property outside has never contributed its pro rata share for this purpose. This error was discovered and the taxing authorities of the city of Washington, N. C., are now attempting to levy for the year 1926-27 a tax on the property outside of the city of Washington to reimburse the city of the tax which it has paid on behalf of the outside landowners.

At a meeting of the board of aldermen on 8 September, 1926, a tax levy was made covering all of the property within the entire boundaries of the Washington Public School District of 35 cents for maintenance and operation and 21 cents for school bond interest.

WHITLEY *v.* WASHINGTON.

On 7 October, 1926, the city of Washington, N. C., adopted a resolution levying a tax on the part of Washington Public School District outside of the corporate limits of said city for maintenance and operation of schools, 35 cents, and for bond interest for 1923-26, 66⅔; total, $1.01⅔.

The following resolution was duly adopted by them:

"Whereas the auditors, when making the regular annual audit of the books, accounts, and records of the city of Washington, discovered that the school district outside of the corporate limits of the city of Washington had not been paying its pro rata portion of the school bond interest since the bonds were issued on 1 January, 1923; and

"Whereas the taxpayers of the city of Washington have been paying the interest on these bonds since the bonds were issued; and

"Whereas the rate of taxation necessary to cover this charge against the district is 16⅔ cents per year, and the total amount chargeable against the district as a whole is $15,000 per year, $1,666.67 is chargeable against that portion outside the corporate limits; and

"Whereas the district outside the corporate limits has never paid any portion of said interest, and is, therefore, chargeable with three years interest, or $5,000.01, for the years 1923, 1924, and 1925, or 50 cents per $100 valuation. This, with the charge of 16⅔ cents per $100 for the current year's interest, makes it imperative to levy a tax of 66⅔ cents per $100 valuation for bond interest on all property outside the corporate limits subject to school tax for the Washington Public Schools: Therefore, the rate of taxation for that part of the Washington Public School District outside the corporate limits of the city of Washington for the year will be as follows:

Maintenance and operation.................................. $0.35
Bond interest, 1923-1926, both inclusive............... .66⅔

Total ................................................ $1.01⅔

"Now, therefore, be it resolved by the board of aldermen of the city of Washington, State of North Carolina, that there shall be levied and collected on all property, both real and personal, in said district outside the corporate limits of the said city, a tax of 66⅔ cents per $100 valuation, for the purpose of paying the bond interest for the current year, and to reimburse the city of Washington for that portion of bond interest paid by the said city, which was properly chargeable against the said district outside the corporate limits as hereinbefore set out."

In the case agreed, it was admitted that plaintiffs owned real estate outside of the city of Washington, but inside the public school district,

16—193

and that two of them bought their property in 1926, and the other has owned his for three years.    The property was duly listed for taxes.

The following judgment was rendered in the court below:

"It is considered, ordered, adjudged, and decreed, . . . that the taxes levied by the board of aldermen of the city of Washington, on 7 October, 1926, amounting to $1.01⅔, on property within the Washington School District, but applying only to property in said district outside of the city of Washington, were wrongfully and illegally levied and assessed on said property outside of the corporate limits of the city of Washington; said rate of taxation being upon a different basis from that levied upon property in the city of Washington, and inside of the said school district for the year 1926; the court being of the opinion that all taxes levied must be equal, uniform, and *ad valorem,* applying equally to all property within the taxed area.    It is, therefore, considered, ordered, and adjudged that said levy of the city of Washington of 7 October, 1926, as set out in a resolution made a part of the case submitted, is illegal and void, and the said city and J. R. Meekins, city clerk, be and they hereby are enjoined from assessing and collecting the same.

"This judgment is subject to exception that said city of Washington and said city clerk shall be allowed to assess and collect against the property of the plaintiffs and other taxpayers outside of the city of Washington, for school bond interest for the year 1926, 16⅔ cents, the same rate of taxation levied and assessed against the property inside of the corporate limits of the defendant city of Washington.

"This judgment is without prejudice to the right of the city of Washington School District to collect such taxes levied and assessed against the property of the plaintiffs and other taxpayers outside of the city of Washington and within said school district for school bond interest for the years 1923, 1924, and 1925, as they are legally authorized to collect by reason of such levies and assessments as have been lawfully made. The question as to the fact of such levies, or the legality of the same, not being presented to the court in this action, the same were not passed upon in this judgment, and neither the plaintiff nor the defendants, in respect thereto, shall be bound hereby."

From the judgment rendered, defendants assign error and appeal to the Supreme Court.

*Harry McMullan for plaintiffs.*
*H. C. Carter for defendants.*

CLARKSON, J.    Const., Art. VII, sec. 9 (C. S., 2678), is as follows: "All taxes levied by any county, city, town, or township shall be uniform and *ad valorem* upon all property in the same, except property exempted by this Constitution."

*Burwell, J.,* in *Loan Asso. v. Comrs.,* 115 N. C., p. 413, construing this provision, says: "Hence, if there is any statute . . . that attempts to make the burden of taxation it bears greater or less than that which is laid on other property of the same situs and value, such legislation is unconstitutional and void." In *Hart v. Comrs.,* 192 N. C., 165, it is held: "With reference to locality, a tax is uniform when it operates with equal force and effect in every place where the subject of it is found, and with reference to classification, it is uniform when it operates without distinction or discrimination upon all persons composing the described class," citing cases.

The right to levy the tax on 8 September, 1926, is conceded. As to the right under the resolution of 7 October, 1926, the defendants cite a case that refers to the cases of *Wilmington v. Cronly,* 122 N. C., pp. 383 and 389. The first case, in substance, decides: It is competent for the General Assembly to provide for the collection of arrearages of taxes due for past years when ascertained in the mode prescribed by law. Neither the three nor the ten years statute of limitations applies to an act authorizing the State or a county or city to recover delinquent taxes, unless such act expressly so provides. See *Manning v. R. R.,* 188 N. C., p. 665; *New Hanover County v. Whitman,* 190 N. C., p. 332.

In the present action the attempted levy of 7 October, 1926, in the legal situs or boundaries in the school district in and outside of the city of Washington, N. C., was not uniform and *ad valorem;* therefore, unconstitutional and void. There was no statute cited that gave any right to levy for back taxes (*Wilmington v. Cronly, supra*), nor one cited that gave any right to levy at the time it was done; therefore, the attempted levy of 7 October, 1926, was illegal.

In *Hammond v. McRae,* 182 N. C., p. 754, it is said: "It may be well to note that as to all liabilities theretofore incurred, and all bonds theretofore issued under statutes or elections requiring the levy of a tax on both property and poll, the power and obligation to levy the tax on both will continue, for a State, no more by constitutional amendment than by statute, can impair the vested rights held by the creditors in assurance of his debt. *Smith v. Comrs., ante,* 149, citing, among others, *Port of Mobile v. Watson,* 116 U. S., 289." *Spitzer v. Comrs.,* 188 N. C., p. 30.

In the present case the city of Washington has paid the interest on the bonds, and the levy of 7 October, 1926, is to reimburse the city.

Chapter 102, Public Laws 1925, sec. 72, makes provision for commissioners to enter property escaping taxation, "When no assessment has been made for the years in which said property has so escaped taxation, the board of commissioners shall be authorized to value and assess the same for those years: *Provided,* this shall not apply beyond five years." *Carstarphen v. Plymouth,* 186 N. C., p. 90.

We have been cited to no legislative authority or case, and we have no knowledge of any, that allows a levy for back taxes under the facts and circumstances of this case.

For the reasons given, the judgment of the court below is

Affirmed.