This was a civil action instituted by plaintiff against defendants in the Superior Court of Wilkes County, under C. S., 8037, and amendments, in which action the plaintiff is seeking to foreclose certain certificates of tax sales on the property described in the complaint for taxes for the years 1924 and 1925. The summons was issued 16 May, 1930. One of the certificates of tax sale was for the tax for 1924 and dated 20 November, 1928, but sold on 5 November, 1928; and the other was for tax of 1925 and dated 27 November, 1928, but sold 8 November, 1928. The above is accurate, the further answer of defendants is incomplete, but the plea is sufficient. *Page 164 
The complaint, among other things, alleges that "3. The premises have not been redeemed from the sales mentioned and there is now due and owing plaintiff the sums mentioned in the preceding paragraph, which are a first lien on the premises, which sums or certificates of sale shall bear interest at the rate provided by law on the entire amount of taxes and sheriff's costs as prescribed by chapter 221, Public Laws of North Carolina, session 1927, as amended by chapter 204, Public Laws of North Carolina, session 1929, and as amended by acts of General Assembly, session 1931, under the provisions of which this action is required to be brought against the defendants who have or claim to have an interest or estate in the premises.' Wherefore, plaintiff asks the court to render judgment as follows: (a) Declaring a first lien on the premises for the amounts mentioned in the second paragraph above and interest claimed in the third paragraph hereof. (b) Foreclosure of said liens on the premises and the appointment of a commissioner to make sale according to the usage and practice of the courts and agreeable to the statute. (c) An order of publication as provided in chapter 221, Public Laws of North Carolina, session 1927, as amended by chapter 204, Public Laws of North Carolina, session 1929, and as amended by acts of General Assembly, session 1931. (d) For costs of action and for such other and further relief as plaintiff may be entitled to under the provisions of the above mentioned statute and amendments thereto and other applicable provisions of law.
The defendants, in their answer, say: "Answering allegations contained in paragraph 2, the defendants admit that the property was listed and assessed for taxes, but they deny the remainder of said paragraph and aver the truth to be, that the taxes described in said paragraph have been fully paid, and if said property was sold that the same was an illegal sale, as these defendants are informed, believe and allege, and that the taxes have been paid at the time of the sale and all other allegations in said paragraph are denied. That allegations contained in paragraph 3 of the complaint are not true and the same are denied. These defendants, further answering the complaint, and for further defense, say: That they are advised, informed and believe under the statute, 8037, Consolidated Statutes, that the plaintiff was required to bring its action within 18 months from the date of the certificate of sale and that the certificate of sale as alleged in the complaint should have been issued on the day of the sale as the bidder was entitled to the certificate on the date of said sale and that the sale in this action was on 5 November, 1928, and that the action was not instituted until 16 May, 1930, and more than 18 months elapsed from the date of the sale before said action was instituted and that the plaintiff's action is barred by said statute, *Page 165 
and that said statute of limitation is hereby pleaded as a bar to the plaintiff's right to recover in this action. Wherefore, these defendants, having fully answered the complaint of the plaintiff, pray that this action against them be dismissed; that any tax receipts or certificates which are now held by the county be canceled of record and surrendered to these defendants; that these defendants recover their cost expended and for any other and further relief that they may be entitled to recover."
At the close of plaintiff's evidence, the defendants made a motion in the court below for judgment as in case of nonsuit. C. S., 567. We see no error in the court below granting the nonsuit. This is an action brought to foreclose certificates of tax sales for the years 1924 and 1925 under C. S., 8037, and amendments.
The statute of limitations having been pleaded by defendants, the burden was on plaintiff to show that its suit was brought within eighteen months from the time of the accrual of the cause of action, or otherwise it was not barred. This has been the prevailing rule with us as to the burden of proof, where the statute of limitation is properly pleaded. Marks v.McLeod, 203 N.C. at pp. 258-9.
Public Laws, 1927, chapter 321, at p. 582, sec. 4. C. S., 8028, as substituted, is as follows: "Remedy of holder of certificate of sale. Everycounty, person, firm or corporation, private or municipal, who has purchased any lands or interest in the same at any tax sale, as evidenced by sheriff's certificate of sale, or becomes a holder of any sheriff's certificate of sale referred to in section 8024, Consolidated Statutes,shall have the right of foreclosure of said certificate of sale by civilaction and this shall constitute his sole right and only remedy toforeclose the same."
C. S., 8037, as substituted (Public Laws, 1927, chap. 321, at p. 584), is as follows: "Every county, or political subdivision of the State which is now, or may hereafter become, the holder by purchase at sheriff's sale of land for taxes of any certificate of sale, shall bring action toforeclose the same within eighteen months from the date of thecertificate."
Public Laws, 1929, chap. 204, sec. 4, at p. 261, is as follows: "Anycertificate of sale in the hands of any person, corporation, firm, countyor municipality on which an action to foreclose has not been brought, whichaccording to the terms of chapter two hundred and twenty-one of the PublicLaws of one thousand nine hundred and twenty-seven should have beenbrought, shall have until December first, one thousand nine hundred and twenty-nine to institute such action. This action and *Page 166 
extension shall and does include all such certificates whether the same were issued for the sale of one thousand nine hundred and twenty-seven taxes and any and all certificates sold or issued prior thereto. This section does not in any way or manner repeal so much of said section eight thousand and thirty-seven in said chapter which provides that such actionto foreclose shall be brought within eighteen months from the date of thecertificate beginning with certificates purchased and issued during the year one thousand nine hundred and twenty-eight." See Public Laws, 1929, chap. 334.
Public Laws, 1931, chap. 260, sec. 3, is as follows: "That chapter two hundred and four of the Public Laws of one thousand nine hundred and twenty-nine be and the same is hereby amended by striking out all of section four and inserting in lieu thereof the following: `Section 4. Any person, corporation or firm, or the board of commissioners of any county or the governing body of any municipality holding a certificate of sale on which an action to foreclose has not been brought but according to the terms of chapter two hundred twenty-one of the Public Laws of one thousand nine hundred and twenty-seven as amended should have been brought, shall have until the first day of December, one thousand nine hundred and thirty-one, to institute such action. This section and extension shallinclude all certificates executed for the sales prior to and including sale for the tax levy of the year one thousand nine hundred twenty-eight. The board of commissioners or the governing body of any county or municipality holding any certificate upon which action has been brought, but upon which final judgment of confirmation has not been rendered, may, by recorded resolution, cause such action to be held in abeyance until the first day of December, one thousand nine hundred and thirty-one, and the court shall abide by such resolution: Provided, however, that where any action toforeclose has heretofore been instituted or brought for the collection ofany tax certificate, prior to the ratification of this act, under the thenexisting laws, nothing herein shall prevent or prohibit the continuance andsuing to completion any of said suit or suits under the laws existing atthe time of institution of said action." (Italics ours in all the foregoing statutes.)
The record, undisputed, discloses: (1) The certificates of tax sales now owned by plaintiff county were purchased by it on 5 November, 1928, and on 8 November, 1928. (2) The summons in this action was issued 16 May, 1930 — over eighteen months after the purchase of the certificates of tax sales.
(1) The first question involved: Is plaintiff barred by the eighteen months statute of limitations, which is properly pleaded, where it attempted to foreclose certain certificates of tax sales? We think so. It so elected. *Page 167 
There are two methods of tax foreclosures provided by the statutes. C. S., 7987, is as follows: "The lien of the State, county, and municipal taxes levied for any and all purposes in each year shall attach to all real estate of the taxpayer situated within the county or other municipality by which the tax list is placed in the sheriff's hands, which lien shall attach on the first day of June, annually, and shall continue until such taxes, with any penalty and costs which shall accrue thereon, shall be paid." C. S., 7990, is as follows: "A lien upon real estate for taxes or assessments due thereon may be enforced by an action in the nature of an action to foreclose a mortgage, in which action the court shall order a sale of such real estate, or so much thereof as shall be necessary for that purpose, for the satisfaction of the amount adjudged to be due on such lien, together with interest, penalties, and costs allowed by law, and the costs of such action. When such lien is in favor of the State or county, or both, such action shall be prosecuted by and in the name of the county; when the lien is in favor of any other municipal corporation the action shall be prosecuted by and in the name of such corporation. When such lien is in favor of any private individual or private corporation holding a certificate of tax sale or deed under a tax sale, whether as original purchaser at a tax sale or as assignee of the county or other municipal corporation or of any other holder thereof, such action shall be prosecuted in the name of the real party in interest."
In proceeding under these statutes, the sovereign is not barred.Wilmington v. Cronly, 122 N.C. 383.
In Wilmington v. Moore, 170 N.C. at p. 53, the following observations are made: "The power of the General Assembly to enact legislation authorizing collection of back taxes and the right of the State and municipalities representing it to enforce collection by appropriate action in the courts, is fully established in this State." Threadgill v.Wadesboro, 170 N.C. at p. 643; New Hanover County v. Whiteman, 190 N.C. 332;Whitley v. Washington, 193 N.C. 240; Hunt v. Cooper, 194 N.C. at p. 267; Shale Products Co. v. Cement Co., 200 N.C. at p. 230. Under the above there is no statute of limitations applicable. In the present action, however, it is different.
We have the statutes first above cited which relate to foreclosures by a county which has advertised the taxpayer's land, and it is not purchased by a stranger but purchased by a county and a certificate of tax sale is issued to the county. The foreclosure of this certificate of tax sale is "sole right and only remedy" and C. S., 8037, supra, provides that such action to foreclose be brought "within eighteen months from the date of the certificate." New Hanover County v. Whiteman, supra; Shale Products Co. v.Cement Co., supra. *Page 168 
The plaintiff brought this action under the statutes first above cited, to foreclose its certificates of tax sales. The defendants set up the plea of the statute of limitations, which we must sustain. The general rule"nullum tempus occurrit reipublicae" does not obtain, in a case where the statute applicable provides a time limit in which the action must be brought. Manning v. R. R., 188 N.C. at p. 665; Gault v. Lake Waccamaw, 
200 N.C. at p. 599.
Under the well-settled authorities in this jurisdiction, plaintiff's action is barred by the statute in force applicable to this controversy.
(2) The second question involved: Public Laws, 1931, chap. 260, sec. 3; at p. 320: "This section and extension shall include all certificates executed for the sale prior to and including sale for the tax levy of the year one thousand nine hundred and twenty-eight." Is this provision, when the cause of actions is barred, constitutional? We think not.
This enabling act was passed after the bar of the statute was complete. See Trust Co. v. Redwine, ante, 126; High Point v. Clinard, ante, 149.
"In Campbell v. Holt, 115 U.S. 263, it is said: `It may, therefore, very well be held that, in an action to recover real or personal property, where the question is as to the removal of the bar of the statute of limitations by a legislative act passed after the bar has become perfect such act deprives the party of his property without due process of law. The reason is, that, by the law in existence before the repealing act, the property has become the defendant's. Both the legal title and the real ownership had become vested in him, and to give the act the effect of transferring this to plaintiff, would be to deprive him of the property, without due process of law.' See Dunn v. Beaman, 126 N.C. at p. 770."Booth v. Hairston, 193 N.C. at p. 286. Although the Campbell case, supra, is not applicable to the facts in this action, it has been frequently cited to sustain them.
In Dunn v. Beaman, supra, this interesting obiter dictum is found: "The referee holds, however, and was sustained by the judge below, that though `this claim was already barred when chapter 269, Laws of 1889, was passed, it was revived thereby.' That chapter struck out the words, `in cases heretofore solely cognizable in courts of equity,' from section 155(9), of The Code. The ruling, that though a debt is barred by the statute of limitation the Legislature may remove the bar by repealing the limitation after it has accrued, is within the reasoning of Pearson, C. J., in Hintonv. Hinton, 61 N.C. 410, and is sustained by Justice Miller, in Campbellv. Holt, 115 U.S. 620, decided in 1885, the Court in the latter case holding that this is true as to a debt, though not as to the title to property which has ripened, because time does not pay the debt, but timemay vest the right of property. On the other hand, *Page 169 
it has been held by the Supreme Court of this State (1884), in Whitehurstv. Dey, 90 N.C. 542, that the Legislature cannot revive a right of action as to a debt when it has become barred by the lapse of time, though it is true the decision was not necessary to the disposition of that case. The point is an interesting and important one, but it is not necessary that we pass upon it, for there is no state of facts to which it is applicable."
McIntosh, Practice Procedure in Civil Cases, latter part of section 104, at p. 105, speaking to the subject, citing numerous authorities, says: "Where the effect of the statute is to bar the remedy and that bar is complete, it is generally held that a change in the statute cannot revive the remedy. Where the bar of the statute is not complete, a change in the statute may extend or shorten the time, but in the latter case a reasonable time must be given for the claimant to enforce his right." See Carawan v.Barnett, 197 N.C. 511.
In 17 R. C. L., "Limitations of actions" is the following; sections 15 and 16, at pp. 674-5: "Section 15. Vested right of defense when bar iscomplete. One who has become released from a demand by the operation of the statute of limitations is protected against its revival by a change in the limitation law, the defense in such case being considered a vested right or property, which cannot be taken away by legislation, or even by the action of a constitutional convention, attempting to revive the cause of action either by repeal of the statute or by affirmative act. Section 16. Bar ofstatute as affecting rights in property. There appears to be no divergence of opinion as to the full applicability of the principle that the Legislature cannot divest a vested right to a defense under the statute of limitations, whether the case involves the title to real estate or personal property. Where a right of action to recover property is barred in favor of one having possession thereof the possessor becomes the owner of the property, with all the incidents of ownership, and his title cannot be impaired by subsequent legislation."
6 R. C. L., "Constitutional Law" latter part of section 308, at p. 320: "In most jurisdictions it is held that after a cause of action has become barred by the statute of limitation, the defendant has a vested right to rely on that statute as a defense, and neither a constitutional convention nor the Legislature has power to divest that right and revive the cause of action. Where title to property has vested under a statute of limitations it is not possible by any enactment to extend the statute or revive the remedy since this would impair a vested right in the property."
In Ballentine Sons v. Thos. Macken (N. J.), 10 A.L.R., at p. 837, citing Campbell v. Holt, supra, and numerous other authorities, *Page 170 
it is said: "The rule is institutional and fundamental that a party who has become released from a demand by the operation of the statute is protected against its revival by a change in the limitation law; the defense of the statute being considered a vested right, which cannot be taken away by legislation without violating the inhibition of the 14th Amendment to the Federal Constitution."
In Varner v. Johnston, 112 N.C. p. 576 (Burwell, J.), annotated in 36 A.L.R., at p. 1318: "It was held that an action to declare the contents of a destroyed will, which was barred by the statute of limitations, was not revived by a subsequent statute apparently passed during the appeal, the Court saying that said subsequent statute `can have no application to the matter before us. As the law was when the case was heard in the Superior Court, the proceeding was barred.'"
In 36 A.L.R., supra, at p. 1318, we find: "There are many cases holding that where the right to collect a debt is barred by the statute of limitations, the legislature has no power to revive the right of action," citing Whitehurst v. Dey, supra.
Whatever may be the holdings in other jurisdictions, we think this jurisdiction is committed to the rule that an enabling statute to revive a cause of action barred by the statute of limitations is inoperative and of no avail. Booth v. Hairston, supra. It cannot be resuscitated. The sovereign, permitted an old principle to be invaded in this matter, that no time runs against the commonwealth or State, and the General Assembly having passed the statute of limitations which defendants properly pleaded, the statute of 1931, which attempted to destroy defendants' defense of the statute of limitations, is inoperative and void as to them. It takes away vested rights of defendants and therefore is unconstitutional. Again we think under the proviso, the present action is exempted from the statute. Public Laws, 1931, chapter 260, supra: "Nothing herein shall prevent or prohibit the continuance and suing to completion any of said suit or suitsunder the laws existing at the time of institution of said action."
This case has been decided since the death of Judge Walter E. Moore, who heard this cause in the court below. It is one of the last appeals to this Court from the courts he presided over. It may not be out of place to say that he died at an advanced age — full of honors. An able judge, one who did much in educational lines in the mountain section of this commonwealth, and his love for his State was shown in many uplift movements. For the reasons given, the judgment of the court below is
Affirmed. *Page 171