TOWN OF ASHEBORO v. CLIFFORD MORRIS AND DOROTHY MORRIS, HIS WIFE; GEORGE T. MURDOCK, TRUSTEE, AND E. G. MORRIS, JR.,

and

E. G. MORRIS, JR., v. THE TOWN OF ASHEBORO AND L. T. HAMMOND, COMMISSIONER.

(Filed 3 November, 1937.)

1. **Municipal Corporations § 34: Limitation of Actions § 1—**

An action to enforce a lien against property for paving assessments is not barred in three years from maturity of the installments, since C. S., 441 (10), relates to individuals and not to the sovereign power.

2. **Limitation of Actions § 1—**

Statutes of limitation never apply to the sovereign unless expressly named therein.

3. **Municipal Corporations § 34: Limitation of Actions § 2f—**

An action by a municipality to foreclose a certificate of sale of land for paving assessments is not barred until after twenty-four months from the date of the certificate, C. S., 8037, and where the action is instituted within that time, and kept alive by the issuance of *alias* summons, the plea of the statute is bad.

4. **Municipal Corporations § 34: Limitation of Actions § 1—**

Where a municipality elects to enforce a lien against land for paving assessments by action under C. S., 7990, no statute of limitations is applicable, and the pleadings in this action are *held* sufficient to bring the action within the procedure under this statute.

ASHEBORO *v.* MORRIS and MORRIS *v.* ASHEBORO.

APPEAL by defendant E. G. Morris, Jr., from *Rousseau, J.,* at July Term, 1937, of RANDOLPH. No error.

This is an action originally instituted by the town of Asheboro against Clifford Morris *et al.,* 31 May, 1932, to foreclose the lien of a street assessment. The street assessment was confirmed on 31 August, 1925, and was payable in ten equal annual installments, the first of which matured 1 October, 1926. No part of the original assessment has been paid. E. G. Morris, Jr., intervened as the then owner of the equity in said property and entered a plea of the statute of limitations as set out in the opinion.

The original defendants filed no answer.

An interlocutory order of sale having been made prior to the time E. G. Morris, Jr., intervened, this defendant instituted an action to enjoin the sale. The two cases were consolidated and heard at the July Term, 1937, Randolph County Superior Court. The court submitted one issue as follows:

"Is the plaintiff's cause of action for the foreclosure of its street and sidewalk assessment lien against the property described in the complaint barred by the ten-year statute of limitations?" Under the instructions of the court the jury answered the issue "No." Judgment was rendered thereon, dissolving the restraining order and directing the sale of the property to satisfy the lien. The defendant E. G. Morris, Jr., excepted and appealed.

*L. T. Hammond and H. M. Robins for plaintiff, appellee.*
*J. A. Spence and J. G. Prevette for defendant, appellant.*

BARNHILL, J. No evidence offered at the trial is included in the record. It does not appear whether the cause was submitted to the jury upon evidence offered or upon the admissions contained in the pleadings. It, therefore, does not appear just why the quoted issue was submitted to the jury. There is no plea of the ten-year statute of limitations made by the defendant. Be that as it may, the record presents questions of law which are determinative of the rights of the parties hereto. The case might well be considered as one in which judgment was rendered upon the pleadings, which is apparently the ultimate effect of the proceedings below.

The defendant makes two contentions, to wit:

(1) "That more than three years have elapsed from the time of the coming due of said street assessments to the beginning of this action, and also to the sale of said land for assessments, and the same is pleaded in bar of plaintiff's recovery"; and (2) "that more than eighteen months elapsed from the date of certificate of sale of the property de-

scribed in the complaint to the beginning of this action, and the same is pleaded in bar of plaintiff's recovery."

1. The plaintiff was not required to institute its action within three years after the maturity of the street assessment installments. C. S., 441 (10), relates to individuals and not to the sovereign power. C. S., 7987, provides that the lien on realty for taxes levied "shall continue until such taxes, with any penalty and costs which shall accrue thereon, shall be paid." *Carstarphen v. Plymouth,* 186 N. C., 90; *Vaughan v. Lacy,* 188 N. C., 123; *New Hanover County v. Whiteman,* 190 N. C., 332. Statutes of limitations never apply to the sovereign, unless expressly named therein. *New Hanover County v. Whiteman, supra.*

2. Considering the action instituted by the town of Asheboro as an action to foreclose the tax sale certificate defendant's second plea is without merit. The record shows that the sale was had 2 June, 1930. This action was instituted 31 May, 1932, and was kept alive by alias summons. C. S., 8037, provides that cities, towns and counties shall institute an action to foreclose certificates of sale within twenty-four months from the date of the certificate and the action was instituted within the time prescribed by this statute.

But in no event are the pleas entered by the defendant well founded. An examination of the record discloses that the plaintiff proceeded under the terms of C. S., 7990. It is true that the complaint makes reference to the sale by the tax collector and the issuance of the tax sale certificate, but the defendant's answer to this section constitutes a denial. The plaintiff further alleges: "(7) There is now outstanding due the plaintiff, by virtue of the aforesaid assessment and lien, and unpaid, the sum of $1,270.47, with interest thereon from 31 August, 1925, until paid, etc., and the same was and is a first lien against said property"; and in its prayer for relief it demands judgment that the said amount be declared a first lien on the aforesaid real estate, that said lien be foreclosed and said property sold and the proceeds applied, so far as the same will go, or may be required, in discharge of said assessment and lien, with interest and costs. Where the sovereign elects or chooses to proceed under C. S., 7990, no statute of limitations is applicable. *Logan v. Griffith,* 205 N. C., 580; *New Hanover County v. Whiteman, supra.*

The defendant has no just cause for complaint. The property now owned by him has received the benefits arising from the improvements made, and he purchased the property subject to the lien. Equity and good conscience require that the property shall be liable for its just portion of the cost. There was no error in the refusal of the court below to submit the issues tendered by the defendant, nor in its instructions to the jury. The facts admitted in the pleadings would entitle the plaintiff to the judgment entered.

No error.