H. M. MILLER, INDIVIDUALLY, AND AS TAX COLLECTOR OF ASHE COUNTY, v. J. F. NEAL, EXECUTOR OF F. H. NEAL, DECEASED; J. F. NEAL AND WIFE. RUTH NEAL, AND BLANCHE McDANIEL AND HUSBAND, E. W. McDAN-IEL, INDIVIDUALLY.

(Filed 8 January, 1943.)

1. Taxation §§ 32a, 35—

A tax lien is discharged when the tax record is marked paid and the original receipt delivered to the taxpayer.

2. Same—

The fact that a county tax collector accepted a check in payment for 1931 taxes, and the check was returned unpaid, and the collector in his settlement with the county paid the taxes in question, does not give him a lien which may be enforced under C. S., 7990. Having failed to correct the tax record so as to show the check returned and the taxes unpaid, the tax lien was not reinstated. Michie's Code, sec. 7971 (219).

3. Limitation of Actions § 2e—

A plea of the three-year statute of limitations will bar recovery in a civil action to collect a check given for the payment of taxes, when the action is not instituted within three years of the date the check was issued. C. S., 441.

APPEAL by defendant, J. F. Neal, Executor, from *Bobbitt, J.,* at July Term, 1942, of ASHE.

Civil action to foreclose an alleged tax lien under C. S., 7990. The facts pertinent to the appeal are as follows:

1. The plaintiff was sheriff and tax collector of Ashe County, N. C., during the period from 1 December, 1930, to 1 December, 1936.

2. In the year 1931, F. H. Neal owned certain lands in Ashe County, N. C., which were assessed for taxes by said county and taxes duly levied, as provided by law, in the sum of $96.14.

3. The above taxes became due and payable on the first Monday in October, 1931.

4. On 29 May, 1932, F. H. Neal executed and delivered to H. M. Miller, tax collector, his check for $96.14, and in exchange therefor obtained the original tax receipt for the 1931 taxes. Check was returned unpaid by the bank, for the reason that F. H. Neal had insufficient funds in the bank to pay the same.

5. On 3 September, 1932, F. H. Neal paid H. M. Miller, tax collector, $50.00, to be applied on the aforementioned check, leaving $46.14 unpaid.

6. H. M. Miller, in his settlement with the Board of Commissioners of Ashe County for the 1931 taxes, did account for and pay to said county the said sum of $46.14.

7. F. H. Neal is dead, testate, and J. F. Neal is the duly appointed, qualified and acting executor of his last will and testament. All parties in interest are parties to this action.

8. This action was instituted 5 February, 1942, and defendants pleaded the 18-months, the 24-months, and the 3-year statutes of limitation in bar of any recovery.

The jury answered the issues in favor of plaintiff and from judgment entered thereon, appointing a commissioner to sell said lands, in the event the defendant executor did not pay the judgment within thirty days from the adjournment of court, the defendant executor appeals to the Supreme Court, assigning error.

*Bowie & Bowie for plaintiff.*
*Ira T. Johnston for defendants.*

DENNY, J. Plaintiff bottoms his right to recover in this action on the authority contained in section 7990 of the Consolidated Statutes of North Carolina and section 1710, ch. 310, Public Laws of 1939, Michie's Code of North Carolina, section 7971 (219), which reads, in part, as follows: "Taxes shall be payable in existing national currency. No tax collector shall accept a note of the taxpayer in payment of taxes. Any collector may, in his discretion and at his own risk, accept checks in payment of taxes, and either issue the tax receipt immediately or withhold said receipt until the check has been collected. In any case in which a collector accepts a check and issues a receipt, and said check is thereafter returned unpaid, without negligence on the part of said collector in presenting said check for payment, the taxes for which said check was given shall be deemed unpaid; and the collector shall imme-

diately correct his records and shall proceed to collect said taxes either by civil suit on the check or by the use of any remedy allowed for the collection of taxes; Provided, that the lien for said taxes shall be inferior to the rights of purchasers for value and of persons acquiring liens of record for value, when such purchasers or lienholders acquire their rights, in good faith and without actual knowledge that such check has not been collected, after examination of the collector's records during the time such records showed the taxes as paid or after examination of the official receipt issued to the taxpayer."

Substantially the same provision for the protection of tax collectors in the event checks accepted in payment of taxes were returned unpaid, were contained in chapter 151, Public Laws 1931, which remained in force until the repeal thereof by Public Laws 1939, chapter 310.

The fact that the plaintiff accepted a check in payment of taxes, and the check was returned, and the plaintiff in his settlement with the Board of County Commissioners paid the taxes, does not give him a lien which may be foreclosed under C. S., 7990. The plaintiff, having failed to correct the tax record so as to show the check had been returned and that the taxes were not paid, the tax lien was not reinstated. He could have protected himself and preserved the tax lien if he had followed the procedure outlined in the statute; this he failed to do and the returned check was but a simple promise to pay. Since the provisions of the statute enacted for the protection of the plaintiff were not complied with, and the plaintiff elected to hold the returned check as evidence of the nonpayment of the taxes, he is in no better position than if he had accepted a note in lieu of the check.

The tax lien was discharged when the tax record was marked "Paid," and the original receipt delivered to the taxpayer. The plaintiff failed to exercise his statutory right to reinstate the lien upon the return of the unpaid check, and therefore no lien exists. *Guaranty Co. v. McGougan,* 204 N. C., 13, 167 S. E., 387, and cases there cited.

A plea of the three-year statute of limitations will bar a recovery in a civil action to collect a check given for the payment of taxes, when the action is not instituted within three years of the date the check was issued. C. S., 441.

The defendants' motion for judgment of nonsuit should have been granted.

Reversed.