H. M. MILLER, INDIVIDUALLY, AND AS TAX COLLECTOR OF ASHE COUNTY, v.
MRS. LAURA McCONNELL,
and
H. M. MILLER, INDIVIDUALLY, AND AS TAX COLLECTOR OF ASHE COUNTY, v.
W. E. McNEILL AND WIFE, ASTORIA McNEILL.

(Filed 31 January, 1946.)

**1. Taxation § 40d—**

Where a tax collector accepts checks in payment of taxes and thereupon issues tax receipts, and such checks are returned unpaid without negligence on the part of the tax collector in presenting them for payment, and the tax collector thereupon immediately corrects his records, G. S., 105-382, and settles with the county for the taxes, *held:* the tax collector may institute an action under G. S., 105-414, to enforce the tax lien.

**2. Taxation § 40d—**

In an action by a political subdivision to enforce a lien for taxes under G. S., 105-414 no statute of limitations is applicable, since the sovereign is not mentioned therein and the maxim *nullum tempus occurrit regi* applies.

**3. Same—In action under G. S., 105-414, limitations prescribed by C. S., 441 and 8037, are not applicable.**

Plaintiff, as tax collector, accepted checks in payment of taxes. The checks were returned unpaid and plaintiff instituted this suit under G. S., 105-414. Defendants pleaded the 18 months and 24 months statutes of limitation, C. S., 8037, as amended, and the three-year statute, C. S., 441. *Held:* The limitations described by C. S., 8037, as amended, pertain to

the foreclosure of certificates of tax sales and said section was repealed by Public Laws 1939, ch. 310, sec. 1725, and the three-year statute, C. S., 441, applies to actions on the unpaid checks, and therefore, defendants having pleaded no applicable statute of limitations, no issues in this respect are presented.

**4. Trial § 36—**

Issues submitted by the court are sufficient when they present to the jury proper inquiries as to all determinative facts and afford the parties opportunity to introduce all pertinent evidence and to apply it fairly, and when the issues submitted are sufficient an exception to the refusal to submit other issues is untenable.

**5. Taxation § 40j—**

An action to foreclose a lien for delinquent taxes is *in rem* and a personal judgment may not be obtained against the owner for the amount of the taxes.

**6. Appeal and Error § 39b—**

Where certain issues submitted are inappropriate and do not affect the rights of the parties, any error in the instructions relating to such issues is harmless.

**7. Taxation § 40j—**

Where in an action under G. S., 105-414, the complaint describes the real estate sought to be foreclosed to enforce the tax lien, the order of foreclosure is restricted to the described real estate and so much of the judgment as authorizes the sale of other lands is in excess of the jurisdiction of the court.

APPEAL by defendants from *Alley, J.,* at May-June Civil Term, 1945, of ASHE.

Two civil actions to declare and to foreclose tax liens under G. S., 105-414, formerly C. S., 7990, by virtue of authority granted under provisions of G. S., 105-382, formerly section 1710 of chapter 310 of Public Laws 1939, consolidated for purpose of trial.

Allegations substantially these are admitted in the pleadings—which are offered in evidence.

1. During the period from 1 December, 1930, to 1 December, 1936, the plaintiff in these actions was, and acted as sheriff and tax collector of Ashe County, a body politic and corporate, duly created, organized and existing under and by virtue of the laws of the State of North Carolina, with the usual powers prescribed by statute.

2. On 1 April, 1931 and 1932, respectively, Mrs. Laura McConnell, defendant in the first action, was the owner in fee simple and in possession of a certain parcel of land in the Town of Jefferson, Jefferson Township, Ashe County, and popularly known as the Mountain Inn or Martin Hardin Hotel property, which in said years was lawfully listed by her,

and in her name, and assessed for taxation in said county, the taxes amounting to $86.94 for the year 1931, and $105.30 for 1932—a total of $192.24.

3. On 1 April, 1931 to 1934, inclusive, W. E. McNeill and his wife, Astoria McNeill, "or either of them," defendants in the second action were, and now are the owners in fee simple and possessed of four lots in the Town of Jefferson and 130 acres of land in Jefferson Township, listed in said years for taxation in Ashe County by W. E. McNeill, and of the municipal waterworks system for the Town of Jefferson, more specifically described by reference to title deeds to W. E. McNeill and wife, Astoria, of record in office of register of deeds of Ashe County, and which were lawfully assessed for taxation by the County of Ashe for each of the years 1931 to 1934, inclusive.

Plaintiff further alleges in the complaints in the two actions, respectively, and, on trial below, offered evidence tending to show: (1) That (a) the taxes so assessed by Ashe County to which the first action relates, to wit, the total sum of $192.24, became due and payable on the first Monday in October, 1931 and 1932, respectively, the years for which same were levied and assessed, and (b) the taxes so assessed by Ashe County to which the second action relates, to wit, the total sum of $595.43, less $192.24, that is, $403.19 became due and payable on the first Monday in October of the years 1931 to 1934, inclusive—the years for which same were levied and assessed. (2) That as to the taxes (a) to which the first action relates, W. E. McNeill, son-in-law of defendant therein, Mrs. Laura McConnell, executed and delivered to H. M. Miller, Tax Collector, on 9 November, 1932, and 7 November, 1933, his checks for the taxes sued upon therein, and in this manner undertook to pay said taxes for said defendant, and (b) to which the second action relates, W. E. McNeill executed and delivered to H. M. Miller, Tax Collector, checks aggregating $595.43 in payment of taxes to which same relates, including therein $192.24 in payment of taxes due by Laura McConnell, recovery of which is sought in the first action and not in the second action. Whereupon (as to both actions) the said H. M. Miller, Tax Collector, detached from the tax books the original tax receipts for said taxes and delivered them to W. E. McNeill, and duly presented said checks to the bank, on which they were drawn, for payment, and same were dishonored by the bank for lack of funds to pay same. (3) That plaintiff H. M. Miller, in his official tax settlements with the Board of Commissioners for Ashe County, was compelled to account for, and did account for and pay to said county the amount of taxes of defendants to which the respective actions relate as hereinabove set forth and specified.

Plaintiff further alleges (A) that the said taxes to which both actions relate, together with such penalty, interest and costs as are allowed by law, are now due and owing to plaintiff "on the property above described" after demand, "as will hereinafter more fully appear"; and that the lien of the taxes so levied, respectively, attached to the said real estate described in the respective actions, and continues until said taxes, with penalties, interest and costs, that shall have accrued thereon, shall be paid. (B) That plaintiff, as he is informed and alleges, by said payment, was subrogated to all the rights of the County of Ashe against the respective defendants for the collection of said taxes, and "is expressly authorized" by statute (now G. S., 105-382) to maintain these actions, respectively, for the collection of same, for which purpose these actions are instituted under and by virtue of old C. S., 7990 (now G. S., 105-414). And (C) that plaintiff requests that judgments and liens for the taxes whereof recovery is sought be declared to be inferior to the rights of purchasers for value, if any, and of any persons acquiring for value and in good faith, liens of record with respect to the properties, and without knowledge that the checks referred to in these foreclosure "suits" had not been collected, or the taxes, for which same were given, not paid.

Defendants, in their respective answers, deny all of the said allegations of the plaintiff, and (1) by way of further answer: In the first action, defendant therein avers (a) that she has no knowledge or information as to the checks alleged to have been executed by W. E. McNeill, on the date stated, in payment of taxes for the years designated, but if same were executed, they were not signed by her, and she had no knowledge that they were unpaid; and (b) that she has sold her property in the Town of Jefferson, known as the Mountain Inn or Martin Hardin Hotel property listed in her name for taxation in 1931 and 1932, and did not own same at the time this action was instituted and now has no interest in same; and (2) by way of further answer in the second action, the defendants therein aver that on 9 November, 1932, and 7 November, 1933, defendant W. E. McNeill executed and delivered to plaintiff his checks for the taxes sued on therein—whereupon plaintiff detached the original tax receipts for the taxes represented by said checks and delivered them to him, and that at the time he executed said checks he told plaintiff that he did not have sufficient funds in the bank to pay them.

And defendants, in their respective answers, aver and plead in bar of plaintiff's right to recover in each action the eighteen months, the twenty-four months and the thirty-six months statutes of limitation.

And upon the trial below plaintiff offered evidence tending to show these facts: That W. E. McNeill, who is son-in-law of Mrs. Laura McConnell, gave plaintiff some checks for taxes of himself and Mrs.

McConnell for years 1931 to 1933, one dated 12-22-33 for $110.00, one dated 11-9-33 for $179.79 and another dated 7 November, 1933, for $304.94, a total of $595.43, each signed by W. E. McNeill, and the deputy surrendered the tax receipts to him; that plaintiff took checks to the bank several times and there were no funds and the checks have not been paid; that when plaintiff settled with the County of Ashe, he accounted for those tax receipts; that when the checks were returned unpaid, plaintiff marked "Not paid" upon the duplicate receipts in the original tax book with respect to taxes of defendants for the years; and that plaintiff did not bring any civil action against Mrs. McConnell until the first action here was instituted 5 February, 1942.

And the parties in the second action entered into a stipulation in pertinent part, that the taxes on the real estate thereon on which plaintiff seeks to obtain a lien amounts to $403.19; that the real estate has not been advertised and sold for said taxes; that plaintiff is not the owner of any certificate of tax sale, or the holder of any deed under any tax sale; that the checks, covering said taxes, executed by defendant to plaintiff were dated 22 December, 1933, 9 November, 1932, and 7 November, 1933; and that plaintiff failed and neglected to take any action to collect said taxes until the institution of this, second action here, on 5 February, 1942.

Defendants, on the other hand, offered evidence tending to show that plaintiff had failed to make proper entry of nonpayment upon tax books when checks were not paid. And defendant McConnell offered in evidence deed dated 3 September, 1938, and registered 4 December, 1939, showing that she had sold the land involved in the first action.

Identical issues were submitted to, and answered by the jury in the two actions, as follows:

"1. Did the plaintiff immediately upon the return of the checks tendered by W. E. McNeill in payment of his own taxes and the taxes of Mrs. Laura McConnell for the years 1931 to 1933, inclusive, upon ascertaining that there were not funds in the bank with which to pay said checks enter upon the records of Ashe County that said taxes had not been paid, as alleged in the complaint? Answer: Yes.

"2. Was the plaintiff in his settlement with the Board of Commissioners of Ashe County for the taxes of 1931 to 1933 inclusive, required by the said Board of Commissioners to account for and pay and did pay the sum of $595.43 embraced in the checks of the defendant, W. E. McNeill and Laura McConnell for their taxes for the years 1931 to 1933 inclusive, as alleged in the complaint? Answer: Yes.

"3. Did the plaintiff institute his action against the defendant for the recovery of the amount of taxes he was so required to pay within three

years from the time of his cause of action accrued, as alleged in the answer?    Answer: ...............

"4. What amount, if anything, is the plaintiff entitled to recover of the defendant, W. E. McNeill?   Answer: ..............."

Upon the verdict of the jury the court adjudged in each action that "plaintiff restored his tax lien against the property described in the complaint by immediately upon return of the unpaid checks, entering on the said records that said tax was not paid."

And, in the first action, the court adjudged (1) that the judgment be and the same is hereby declared a specific lien upon any and all real estate owned by the defendant in Ashe County on 1 October, 1931, and 1 October, 1932, that has not been conveyed by defendant to innocent purchasers for value and without notice, but "especially provided that this judgment is not a lien upon the property once owned by defendant known as the Martin Hardin Hotel property"; and (2) that in the event defendant fails to pay to plaintiff the sum of $192.24, plus certain interest and cost, including attorney's fee, within thirty days from date of judgment, the commissioner, therein appointed, is authorized and empowered to sell said lands at public auction, etc., and make report to the court for confirmation, etc.

And in the second action the court adjudged (1) that the judgment be, and is declared a specific lien upon the lands described in the complaint therein "as well as any other property owned by the defendants in the County of Ashe in the years 1931 to 1934, inclusive, which have not been sold and conveyed by the defendants to an innocent purchaser for value and without notice of this tax lien," and (2) that in the event defendants fail to pay to plaintiff $403.19, plus certain interest and cost, including attorney's fees, within thirty days from date of judgment, the commissioner herein appointed, is authorized and empowered to sell said lands at public auction, etc., and make report to the court for confirmation, etc.

Defendants appeal from the judgment, respectively, and assign error.

*Bowie & Bowie for plaintiff, appellee.*
*Ira T. Johnston and W. B. Austin for defendants, appellants.*

WINBORNE, J.   Appellants in their joint brief say that these cases hinge upon the question as to whether the plaintiff, at the time of the institution of these actions on 5 February, 1942, could legally avail himself of the provisions and protection of G. S., 105-414.   We are of opinion and hold that he could do so.

While in this State taxes are payable in existing national currency, any tax collector may, in his discretion and at his own risk, accept

checks in payment of taxes, and thereupon issue tax receipts. And in any such case, if the check be thereafter returned unpaid, without negligence on the part of the tax collector in presenting it for payment, the taxes for which the check was given shall be deemed unpaid, and the collector shall immediately correct his records and shall proceed to collect the taxes either by civil action on the check, or "by the use of any remedy allowed for the collection of taxes." G. S., 105-382. See *Miller v. Neal,* 222 N. C., 540, 23 S. E. (2d), 852. The scope of the statute is all-inclusive, and, under the conditions stated, any existent remedy would be available to him.

One of the remedies then, and now prescribed for the collection of taxes is provided in G. S., 105-414, formerly C. S., 7990. This remedy is an action in the nature of an action to foreclose a mortgage to enforce the tax lien upon real estate by sale thereof under order of court. The present actions are instituted under this statute.

But defendants plead the eighteen months, the twenty-four months and the three-year statute of limitation. However, the first two of these statutes pertained to the foreclosure of certificates of tax sales of real estate, C. S., 8037, as amended by Public Laws 1927, chapter 221, section 4, and by other acts of subsequent sessions of the General Assembly, which section as so amended was repealed by Public Laws 1939, chapter 310, section 1725. And the three-year statute, C. S., 441, was referred to in the case of *Miller v. Neal, supra,* in reference to actions on the unpaid checks. The present actions are not for the purpose of recovering on the checks but are brought specifically under the provisions of G. S., 105-414, as aforesaid.

And in this statute no limitation of action is prescribed. However, in view of the fact that this statute contains no such limitation, decisions of this Court have held that the maxim, *nullum tempus occurrit regi,* that time does not bar the sovereign, still subsists as the law, in this State, at least in respect to collection of taxes. *R. R. v. Comrs.,* 82 N. C., 259; *Jones v. Arrington,* 94 N. C., 541; *Wilmington v. Cronly,* 122 N. C., 383, 30 S. E., 9; *S. c.,* 122 N. C., 388, 30 S. E., 9; *Wilmington v. McDonald,* 133 N. C., 548, 45 S. E., 864; *New Hanover County v. Whiteman,* 190 N. C., 332, 129 S. E., 808; *Shale Products Co. v. Cement Co.,* 200 N. C., 226, 156 S. E., 777; *Wilkes County v. Forester,* 204 N. C., 163, 167 S. E., 691; *Logan v. Griffith,* 205 N. C., 580, 172 S. E., 348; *Asheboro v. Morris,* 212 N. C., 331, 193 S. E., 424; *Charlotte v. Kavanaugh,* 221 N. C., 259, 20 S. E. (2d), 97.

We do not intimate, however, that a private individual, such as the plaintiff, who is privileged to resort to the provisions of G. S., 105-414, may invoke protection in the maxim *nullum tempus occurrit regi.* But

as the statutes of limitation pleaded are inapplicable, further discussion of the applicability of other statutes of limitation would be *dictum*.

Defendants further assign as error the refusal of the court to submit issues tendered by them.

In this connection the issues submitted by the court are sufficient when they present to the jury proper inquiries as to all determinative facts in dispute, and afford the parties opportunity to introduce all pertinent evidence and to apply it fairly. *Hill v. Young,* 217 N. C., 114, 6 S. E. (2d), 830, and cases cited. See also *Lister v. Lister,* 222 N. C., 555, 24 S. E. (2d), 342. When tested by these principles, the issues submitted appear to be sufficient. When sufficient issues are submitted, there is no ground for exception to the refusal to submit others. *Bailey v. Hassell,* 184 N. C., 450, 115 S. E., 166.

Defendants also assign as error certain instructions pertaining to answers to the third and fourth issues. In view of the inapplicability of the three years statute of limitation, the third issue was inappropriate. And as to the fourth issue, an action to foreclose a lien for delinquent taxes is *in rem,* and a personal judgment may not be obtained against the owner of the property for the amount of the taxes. See *Apex v. Templeton,* 223 N. C., 645, 27 S. E. (2d), 721, and cases cited. Therefore, the fourth issue was also inappropriate. Hence, if there be error in the instruction of the court, as to either issue, it will be deemed harmless.

Defendants also except to the judgments as signed. In this connection, when compared therewith, it appears that these judgments go beyond the scope of the allegations of the complaint. In each action the complaint describes certain real estate against which order of sale for foreclosure of the tax lien is sought. The order of foreclosure is restricted to these particular parcels of real estate. And so much of the judgments as authorize the sale of other lands is in excess of the jurisdiction of the court as to the subject of the action. To this extent the judgments below are modified.

Other exceptions have been considered and found to be without merit.

Modified and affirmed.