## W. H. FURMAN v. R. H. TIMBERLAKE.

*Clerks, Liability of for Moneys Received—Statute of Limitations—Demand.*

1. A demand is necessary before bringing an action upon the bond of a clerk for moneys, payable to private individuals, received by color of his office, and the statute of limitations will not begin to run in his favor until after such demand is made.

2. If he has converted the money no demand is necessary, and the statute begins to run in his favor from the time of the conversion.

3. If the moneys are public moneys, it is his duty to pay them over at once to the proper authorities, and his failure to do so is a breach of his bond, and an action may be commenced without demand. In such case the statute begins to run from the date of the receipt of the moneys. The Code, § 159.

(*Little* v. *Richardson*, 6 Jones, 305; *Com'rs* v. *Magnin*, 86 N. C., 285; *State* v. *McIntosh*, 9 Ired., 307; *State* v. *Woodsides*, 9 Ired., 496; *Robertson* v. *Dunn*, 87 N. C., 191, and *Bryant* v. *Peebles*, 92 N. C., 176, cited, distinguished and approved).

This was a CIVIL ACTION tried before *Shepherd, Judge,* at Spring Term, 1885, of FRANKLIN Superior Court.

The plaintiff in his complaint alleged that he had been clerk of Superior Court of Franklin county, from 1868 to 1874, in which latter year the defendant succeeded him in the office. That there were fees and costs to a considerable amount, to-wit: "———— dollars," due him when he went out of office, and which were afterward received by the defendant in his official capacity.

The statute of limitations was relied on by the defendant, and it was admitted that the plaintiff demanded this money from the defendant on the 30th of September, 1878, and the action was begun in February, 1881—less than three years after the demand, but more than three years after the receipt of the money.

There was judgment for the plaintiff, from which the defendant appealed.

*Mr. B. B. Massenberg,* for the plaintiff.
*Mr. Jos. J. Davis,* for the defendant.

ASHE, J., (after stating the case). The defendant's counsel insisted that the action was barred by the statute of limitations; that the statute began to run from the time of the receipt of the money, and not from the demand, because no demand was necessary to give the plaintiff a right of action against a clerk for money received by him in his official character, and he relied upon the following cases to support his position—*Little* v. *Richardson*, 6 Jones, 305; *Com'rs* v. *Magnin*, 86 N. C., 285; *State* v. *McIntosh*, 9 Ired., 307; *State* v. *Woodsides*, 9 Ired., 496; *Robertson* v. *Dunn*, 87 N. C., 191; *Bryant* v. *Peebles*, 92 N. C., 176.

The first four cases cited by the defendant's counsel were actions brought by public officers to recover public money, and in each of these cases it was held that no demand was necessary. The case of *State* v. *McIntosh*, was the first case in this State where the point was decided, and it was there expressly held that no demand was necessary, before bringing an action against the sheriff for money collected by him, because as NASH said, " the money here collected is *public money*, and for it no demand was necessary." A ruling which, no doubt, was predicated upon the maxim, " *nullum tempus*, &c," a maxim which is said to have been founded upon *the great public* policy of preserving the public rights, revenues and property from injury and loss by the negligence of public officers. But the maxim is no longer in force in this State having been abrogated by the provisions of The Code, § 159.

The other cases cited by the defendant's counsel apply exclusively to agents and trustees and have no application to a case like this, where the defendant is in office, clothed with high public trust, among others, to pay over according to law, all moneys and effects which have come or may come into his hands by virtue or color of his office, a duty for the performance of which he is required to give a bond with security in a high penal sum.

When he has received money by color of his office, the person for whose benefit it is received may bring an action against him

alone for his demands, or may bring an action upon the bond, assigning as breach thereof the non-payment of his money. But the clerk would not be liable unless there was a breach—and there would be no breach unless he was in default: and this brings us to the question—when is he in default? Can it be on the receipt of the money and non-payment of it immediately, or within a reasonable time to him who is entitled to it without any request or demand for its payment? If that was the law, then all the parties, witnesses and others—hundreds in number, whose fees and costs are constantly coming into the hands of a clerk, might each sue upon his bond and recover. It is not to be supposed that the law intended to impose such a liability upon the clerk. When he receives money in his official capacity, it is his duty to hold it, but not to withhold it, and he cannot be said to withhold it unless he is put in default by *refusing* to pay it to the party to whom it is due, and that necessarily implies a demand.

To say nothing of the inconvenience, it would be ruinous to clerks to be required to look up every person who has money in his office, most generally small sums, and tender them the amounts due them, and upon default to do so, incur a breach of his bond. For these reasons, we hold that a demand is necessary before bringing an action upon the bond of the clerk, unless he has appropriated the money, for then no demand is necessary, and the reasons must apply with a great appositeness when the action in nature of assumpsit is brought against the clerk. It is somewhat remarkable, that no case involving the question directly has been brought before the Court. If it has, after a careful search through the Reports, we have been unable to find it.

But the very question was decided by the Superior Court of Alabama in the case of *McDonald* v. *The Branch Bank of Montgomery*, In Error, 22 Ala., 313. It was an action like this, to recover money collected by a clerk by virtue of his office, and it was held where a clerk has collected money on a judgment, the statute of limitations does not begin to run in his favor until he

is guilty of some default with respect to it; if he is shown to have converted it, a demand is unnecessary, and the statute begins to run from the time of the conversion; but if no conversion is shown, the statute begins to run from the time of the refusal to pay on demand.

Our opinion is, there was no error, and the judgment of the Superior Court is affirmed.

No error.                                          Affirmed.