C. B. ALVEY et al. v. CITY OF ASHEVILLE.

(Filed 14 December, 1907).

**Cities and Towns—Paving—Abutting Owners—Assessments.**

> Where a city street 125 feet wide had a park 65 feet wide down its center, found to be a part of the street and kept up by private parties for patriotic purposes, leaving 60 feet in all to be paved, and where the cost of paving the streets was to be borne, one-third each, by the abutting owners on each side of the street, and the remaining third by the city, it was reasonable and valid for the city to assess each abutting owner on each side of the street for the expense of paving one-third of the remaining 60 feet, and for the city to pay for the other one-third.

CIVIL ACTION, tried before *O. H. Allen, J.,* at September Term, 1906, of the Superior Court of BUNCOMBE County.

By consent, a jury trial was waived and the facts found by the Judge.

Judgment for defendant. Plaintiffs appealed.

The facts sufficiently appear in the opinion.

*Tucker & Murphy* and *Moore & Rollins* for plaintiffs.
*Davidson, Bourne & Parker* for defendant.

CLARK, C. J. The Judge found that Market Square, or Market Street, was one of the streets in Asheville, and that in the middle of the street, which is a wide one, there is an unenclosed area, or parallelogram, known as Pack Square. This parallelogram has been paved, or otherwise adorned, by private munificence, without any expense to the plaintiffs or to the city, and is held and "dedicated to free and unobstructed public use" in connection with a monument there placed in honor of one of the State's greatest citizens—Zebulon B. Vance. There is a 12-foot walkway for foot passengers through the center of said strip, and crosswalks. The court finds as a fact that Pack Square is a part of Market Street. That part of Market Street which was left to be paved by the city and the abutting property holders is only so much thereof

as is still left for street use by wheeled vehicles, to-wit, 60 feet, of which one part lies between the curb on the north side of Market Street and the reserved area known as Pack Square, and the other part lies between Pack Square and the southern curb of Market Street. Pack Square itself, which the Judge finds is a part of Market Street, has not been paved at public expense. Of this 60 feet of Market Street which have been paved for public use, the cost of one-third thereof has been charged against the abutting property on the north side of Market Street, one-third against the abutting property on the south side of Market Street, and the cost of the other third has been charged up to the city treasury—the usual apportionment of the cost in street paving.

Market Street is a wide street—over 125 feet wide—and if one-third of paving its whole width had been assessed upon the abutting property on each side, it would have been much heavier than now; but by reserving the strip in the middle, known as Pack Square, for the patriotic purposes aforesaid, there is no cost assessed for paving that part of the street. The plaintiffs, who are assessed for one-third of the paving of that 60 feet of the street which is still kept for roadway, are called on to pay only $5.35 per front foot, or about $160 on a lot of 30 feet front in the heart of the progressive and growing city of Asheville, such lots being worth, as stated in the argument, over $10,000 each. This would seem sufficiently moderate and reasonable.

The sole contention of the plaintiffs is that that part of Market Street lying on the north side of the reserved area should be treated as one street, and the property abutting thereon should pay one-third the cost of paving that only, and the city one-third, and that the city should pay another one-third, on the theory that the reserved area is the unoccupied south side of this narrow street; and the same contention is made as to that part of Market Street on the south side of the reserved area; that is, if Market Street is 125 feet wide, in-

stead of the abutting property holders on each side paying for paving one-third of said 125 feet and the city one-third, the plaintiffs contend that they are exempted from paving 65 feet in the center of the street, which are reserved for purposes aforesaid; that the remaining 60 feet should be divided into two very narrow streets, leaving the abutting owners to pay one-third for paving those narrow streets—say for 10 feet each (if the two narrow streets were of equal width)— and the city to pay for two-thirds, or 40 feet.

The court, however, has found as a fact that there is but one street; that the reserved area known as Pack Square (which is used by the public, except for wheel purposes) is a part of Market Street; that the cost of paving the 60 feet of the street outside of this strip which is reserved for pedestrians is to be paid, one-third (or 20 feet) by the property on the north side of Market Street, one-third by the property on the south side of Market Street, and the remaining one-third by the city. In this judgment we find no error, and it is

Affirmed.