R. H. SCHANK AND F. M. JOHNSON v. CITY OF ASHEVILLE.

(Filed 14 December, 1910.)

1. **Legislative Powers—Constitutional Law—Cities and Towns—Paving Streets—Assessment.**

   The Legislature has constitutional authority to authorize a city to improve its streets by creating each street, or a portion thereof, a taxing district, and requiring a prescribed portion of the cost of the paving of said street to be assessed upon the abutting property on each side of the street, according to the frontage of each lot.

2. **Cities and Towns—Paving Streets—Prerequisites—Jurisdictional —Order—Appeal—Injunction—Equity.**

   When, under a statutory authority given a city to pave its streets, it is among other things required that a petition be filed by the owners of a majority of the front feet abutting thereon and notice be given, etc., prior to an order made by the aldermen, and it appearing that the order had been made upon petition after giving the notice required by the statute, and in other respects in pursuance of the act, and no objection entered or appeal from the order as provided for: *Held*, after the expiration of five years an order restraining sale of plaintiff's property to pay for the paving will not be granted to two of the abutting owners on the street, upon the ground that a majority, as provided, of the abutting owners had not in fact signed the petition; (1) the assessment and levy, as made, had the effect of a judgment and lien; (2) though the petition was a prerequisite, it was not jurisdictional, and the order, in effect, was a finding that the petition was true, and, not appealed from, was conclusive; (3) the statutory notice made the plaintiffs parties to the proceedings; (4) the granting of a restraining order after five years would be inequitable to the other taxpayers and property-owners of the town.

APPEAL by defendants from order restraining them from selling plaintiffs' property to pay for paving a street, made by *Justice, J.,* at chambers in Asheville, 26 April, 1910. Action from BUNCOMBE.

The facts are sufficiently stated in the opinion of *Chief Justice Clark.*

*Frank Carter, H. C. Chedester, and Wells & Swain for plaintiffs.*

*S. G. Barnard for defendant.*

CLARK, C. J. On 4 August, 1905, the Mayor and Board of Aldermen of Asheville adopted an order that Southside Avenue from South Main Street to Depot Street be paved with bitulithic composition. This the aldermen were authorized to do by Private Laws 1901, amended by chapters 283 and 401, Private Laws 1905. As foundation for the order there was a petition filed with the mayor and board of aldermen purporting to represent the owners of a majority of the front feet abutting on said avenue, as required by the statute. Notice was given prior to said order in the manner required by said statute. There was no exception to nor appeal from said order, as the statute authorized, and the city proceeded to have the avenue paved. No objection was made till after the work was completed, and not till 26 February, 1910, when two of the owners of land abutting upon said avenue instituted this proceeding to restrain the defendant from advertising and selling their property for the assessments which had theretofore been levied for their pro rata part of the cost of said improvements.

The constitutional authority of the Legislature to authorize a city to improve its streets by creating each street, or a portion thereof, into a taxing district and requiring a prescribed portion of the costs of the paving of said street (here one-third) to be assessed upon the property abutting on each side of the street, according to the frontage of each lot, has been too often decided by this Court to be open to debate. Indeed, the exact point was passed upon in *Raleigh v. Peace,* 110 N. C., 32, and has been reaffirmed in *Hilliard v. Asheville,* 118 N. C., 845; *Alvey v. Asheville,* 146 N. C., 395, and other cases. This statute provided methods whereby each lot-owner might contest the assessment, and might except and appeal.

The plaintiffs practically rest their contention upon the provision in the statute that the board of aldermen should not make an order for the improvement of a street in the part of the city where this street lies "unless and until" a majority of the abutting landowners, in front feet, upon said street shall petition the board of aldermen to make such order. The plaintiffs, who are two of said abutting landowners, now allege that in fact a majority of the landowners, in front feet, upon said

street did not join in the petition, because that one of them signed as agent and was not an owner himself of the property, they allege; and they obtained a restraining order to prevent the sale of their property for the assessment laid upon it until that matter can be investigated.

The plaintiffs made no objection to the order, of which notice was given in the manner required by the statute, and took no appeal, though they saw the work begun and all during its execution. For five years they have stood silent until after the work has been completed. Now they wish to throw the cost of the work of improving the street in front of their own doors (which has been paid by the owners of the abutting property upon all other streets which have been improved under the same provisions of the charter) upon all the citizens of the town, to their own exoneration.

Their contention is that the requirement that a majority, in front feet, of the owners of the abutting land shall sign the petition is a jurisdictional matter, and, therefore, that if they can show that a majority did not so sign, the defect is jurisdictional and the judgment is void. The requirement in question is a prerequisite, it is true, but it is not jurisdictional. If the board erred in that matter it was erroneous, and to be corrected by an appeal. The plaintiffs were in court in the manner provided by the statute. The judgment is not void. It cannot be attacked collaterally. In an action for debt, it is a prerequisite to a judgment that the defendant owes the amount; in an action of ejectment, it is a prerequisite that the plaintiff has the true title to the land; in a proceeding to levy an assessment upon the abutting landowners, under the statute for the improvement of a street in Asheville, it is a prerequisite that a majority, in front feet, shall sign the petition. In none of these cases can a judgment be properly rendered "unless and until" such prerequisite is complied with; but in each and all of them, alike, when the parties have been properly made, and are given opportunity to be heard, and the statute provides for an exception and appeal, the parties are bound by the judgment. If they fail to except and appeal, they cannot afterwards procure an injunction against the execution of the judgment upon the

ground that the prerequisite was not complied with. If such allegation were true, the judgment would be simply erroneous, but not void; and not being appealed from, it is conclusive. "Having been silent when they should have spoken, they cannot now be heard when they should be silent."

The assessment and levy by the board of aldermen in this case had the effect of a judgment and lien. It was made after due notice to the parties, in the manner required by the statute, and upon a petition in writing which upon its face was signed by the required majority, in front feet, of the abutting land-owners. The order is in effect a finding that the petition was true. It need not be expressly so recited. An order of this kind unappealed from is conclusive that a majority of the abutting landowners signed the petition, when that is a prerequisite under the statute. *Scranton v. Jermyn,* 156 Pa. St., 107; *Osborne v. Sutton,* 108 Ind., 443; *Tucker v. Sullivan,* 130 Ind., 514; *Spaulding v. Homestead,* 87 Cal., 40.

Especially are the plaintiffs without equity when for five years they have stood silently by when the street before their doors was being improved to the enhancement of their property, and they have made no complaint until after the work has been finished. The cost thereof cannot be shifted upon the shoulders of all the other citizens of the town, most of whom will receive very slight benefit, if any, from the improvement of this street, and many of whom have already paid their own assessments for the improvement of the street in front of their own property.

There was error in granting the restraining order. The plaintiffs have failed to state a cause of action.

Action dismissed.