TOWN OF MORGANTON v. MRS. SALLIE AVERY.

(Filed 12 May, 1920.)

**Liens—Municipal Corporations—Cities and Towns—Sidewalks—Paving—Statutes—Limitation of Actions.**

The lien given a city or town on the lots of an owner along its streets for paving its sidewalk, rests only by statute, Rev., 395, subsec. 2, and not by common law, and is enforcible only against the lots, *in rem*, and not against the owner individually or out of his other property, and to enforce the same action must be commenced within three years next after the completion of the work, or it will be barred by the statute of limitations.

CIVIL ACTION, heard at December Term, 1919, of BURKE, before *Harding, J.,* who by consent found the facts and dismissed the action. Plaintiff appealed.

*S. J. Ervin for plaintiff.*
*Avery & Ervin for defendant.*

BROWN, J. This is an action commenced on 1 February, 1917, to enforce a tax assessment or charge for paving certain sidewalks abutting on the lot of land of the defendant, under Private Laws 1885, ch. 61, and subsequent amendatory statutes.

The plaintiff claimed a lien on said lot for one-half the cost of such paving, amounting to $87.51, with interest thereon from 28 June, 1911, when said paving was done and completed.

The defendant pleaded that the cause of action of plaintiff was for a liability created by statute, and was barred by the statute of limitations, Rev., subsec. 2 of sec. 395.

It is admitted that the work was completed in June, 1911, more than 5 years before the bringing of this action. The statute provides that within 3 years shall be brought "An action upon a liability created by statute, other than a penalty or forfeiture, unless some other time be mentioned in the statute creating it."

We are of opinion that the action is barred. The assessment is not a personal liability of the defendant, and could not be collected out of her personalty by execution. It is a liability created solely by statute, and does not arise *ex contractu.* It is not a personal liability of the owner of the land to be collected by execution, it is a statutory charge upon the land itself, and must be collected by proceedings *in rem* in a court having equitable jurisdiction unless some other legal method is provided by the statute. If the land benefitted is insufficient in value to pay the assessment in full, the remainder cannot be collected out of the other estate of the landowner. *Canal Co. v. Whitley,* 172 N. C., 102; *Comrs. v. Sparks, post,* 581; *Raleigh v. Peace,* 110 N. C., 33.

Without the creative force of the statute, the charge upon the land could not be made. If the statute was repealed the power to create the charge could be gone.

In *Kerwin v. Neevin,* 111 Ky., 682, it is held: "A statute providing that an action upon a liability created by statute when no other time is fixed by the statute creating the liability shall be commenced within five years next after the cause of action accrued, applies to an action to enforce a lien for the cost of a street improvement made when the statute was in force; and, more thàn five years having elapsed between the time the lien was perfected by the acceptance of the work by the council and the time the action was instituted, the action was barred." *Bristol v. Washington Co.,* 177 U. S., 144.

We are of opinion that the two cases relied upon by the plaintiff do not support the contention that a street assessment is not a liability created by statute. The case of *Shackelford v. Staton,* 117 N. C., 73, was an action for damages against the clerk of the Superior Court of Edgecombe County for a tort, a dereliction of duty, in failing to index a docketed judgment as required by law. The Court held the action was barred within three years after the defendant ceased to be clerk, saying, "We are of opinion that sec. 155, subsec. 2, is the statute applicable to the facts in this case for this action is founded upon a liability created by statute, and there is no other time mentioned in it fixing a bar to a cause of action accruing under it." The other case, *Newsome v. Harrell,* 168 N. C., 295, was an action to recover owelty in partition proceedings. This is a sum directed to be paid to make the partition among cotenants equal, and is called owelty. The power to adjudge owelty has been from time immemorial a power exercised by the courts to adjust the equities arising out of the relation of the parties to the property to be divided.

It was not a creature of the statute, but the lien was declared on the more valuable dividend of the property partitioned by the courts of equity to avoid the injustice of taking from one and giving to another without "an equivalent or a sufficient security for it."

The subject is fully treated in ch. 32 of Freeman on Cotenancy. A ten-years statute bars the right to recover owelty charged by decree upon land in partition proceedings.

The declaration of a lien in partition proceedings is in pursuance of the power conferred upon our Court under its common-law jurisdiction, and bears no sort of analogy to the action of the Court in declaring a lien for a liability *expressly created* by statute. Cyc., vol. 30, p. 171.

Affirmed.