CITY OF HIGH POINT v. J. W. CLINARD ET AL.

(Filed 8 February, 1933.)

**Limitation of Actions A d—Action to enforce lien for street assessments is governed by ten-year statute.**

The assessment against abutting lands for street improvements is made a lien on the land superior to all other liens and encumbrances, chapter 56, Public Laws, 1915, and the ten-year statute of limitation is applicable thereto and not the three-year statute.

APPEAL by defendants from *Harding, J.,* at October Term, 1932, of GUILFORD.

Civil action to recover delinquent street assessment, levied for local improvement, under authority of chapter 56, Public Laws, 1915, as amended, heard upon facts agreed.

1. The original levy and validity of assessment against defendants' property, located in the city of High Point, for street improvement, is not controverted. The assessment roll was duly confirmed 25 November, 1921, and thereby became a lien on defendants' property, by virtue of the statute, "superior to all other liens and encumbrances." Section 9, chapter 56, Public Laws, 1915.

2. The assessment levied against the defendants' property was $287.05, payable in ten equal annual installments. The first four installments were paid. Default was made in the installment due 25 November, 1925, and no further payments have been made.

3. It is provided in section 10, chapter 56, Public Laws, 1915, that in case of the failure or neglect of any property owner to pay "said installment when the same shall become due and payable, then and in that event all of said installments remaining unpaid shall at once be-

come due and payable," and collection may be enforced by sale of the property as in case of unpaid taxes.

4. By act of Assembly, chapter 331, Public Laws, 1929, it is provided that no statute of limitations shall bar the right of a municipality to enforce any remedy provided by law for the collection of unpaid assessments, whether for paving or other benefits, save from and after ten years from default in the payment thereof.

5. Under chapter 131, Public-Local and Private Laws, 1931, "all special assessments or installments of special assessments heretofore levied by the city of High Point for local improvements" were authorized to be extended by resolution of the city council duly adopted, which was done.

6. That the amount levied against defendants' property under this reassessment or extension was $240.95, payable in eight equal annual installments of $30.12 each, the first installment maturing on 1 October, 1931.

7. The defendants having failed and neglected to pay the installment due 1 October, 1931, this action was instituted 1 June, 1932, in the Municipal Court of the city of High Point to recover the full amount of said assessment, $240.95 with interest from 1 July, 1931.

8. The only defense interposed is the plea of the three years statute of limitations.

There was a judgment for the plaintiff in the municipal court, which was affirmed on appeal to the Superior Court, and from this latter ruling, the defendants appeal.

*Grover H. Jones and Thos. W. Sprinkle for plaintiff.*

*Wm. Henry Hoyt, Self, Bagby, Aiken & Patrick and Clem B. Holding of counsel.*

*E. A. Wright, R. L. Foust and Walter E. Crissman for defendants.*

STACY, C. J. The case falls within a very narrow compass. It is simply this: Defendants say that when they failed to pay the installment due on 25 November, 1925, plaintiff's right of action accrued, was barred at the expiration of three years thereafter, and that the statutes of 1929 and 1931, passed after the bar of the statute was complete, could not revive the right of action. For this position, they rely upon the following decisions: *Morganton v. Avery,* 179 N. C., 551, 103 S. E., 138; *Greensboro v. McAdoo,* 112 N. C., 359, 17 S. E., 178; *In re Beauchamp,* 146 N. C., 254, 59 S. E., 687; *Whitehurst v. Dey,* 90 N. C., 542; Note 36 A. L. R., 1316, *et seq.*

The position of the defendants, however, overlooks the fact that by virtue of the statute, chapter 56, Public Laws, 1915, under which the

assessment was originally levied, the confirmation of "the assessments embraced in the assessment roll" is made a "lien on the real property against which the same are assessed, superior to all other liens and encumbrances." *Schank v. Asheville,* 154 N. C., 40, 69 S. E., 681. This brings the case under the ten years statute, as decided in *Drainage District v. Huffstetler,* 173 N. C., 523, 92 S. E., 368, rather than under the three years statute, as contended for by the defendants. Compare *Statesville v. Jenkins,* 199 N. C., 159, 154 S. E., 15.

In this view of the matter, it becomes unnecessary to consider the question, debated on brief, whether a right of action already barred may be revived by a change in the statute of limitations. *Dunn v. Beaman,* 126 N. C., 766, 36 S. E., 172; *Varner v. Johnston,* 112 N. C., 570, 17 S. E., 483; *Campbell v. Holt,* 115 U. S., 620; Note, 36 A. L. R., 1316, *et seq.* See, also, *Wilkes County v. Forester, post,* 163.

Affirmed.