J. M. LOGAN, RECEIVER OF FIRST NATIONAL BANK OF CHARLOTTE, N. C., AND JOHN D. SHAW, TRUSTEE, v. E. C. GRIFFITH AND WIFE, FRANCES GRIFFITH; THAD L. TATE, AND F. O. CLARKSON, TRUSTEE.

(Filed 10 January, 1934.)

1. **Taxation H b—N. C. Code, 8028, provides exclusive remedy of individual on tax certificate and limitation therein prescribed applies.**

   N. C. Code of 1931, sec. 8028, provides an exclusive remedy of an individual on a tax sale certificate, and the limitation therein prescribed for bringing action thereon applies, and an individual bringing action based on a tax sale certificate may not avail himself of the fact that no limitation is prescribed in C. S., 7990, by alleging that the tax certificate was assigned him by the county and that the action was brought under section 7990.

2. **Same: Limitation of Actions E c—**

   Limitation on foreclosure of tax sale certificate cannot be taken advantage of by demurrer. C. S., 405.

CIVIL ACTION, before *Cowper, Special Judge,* at January Term, 1933, of MECKLENBURG.

It was alleged that Mr. L. W. Humphrey returned for taxation his land in Mecklenburg County for the year 1928, and that having failed to pay the taxes the land was duly sold in June, 1929, at which sale Mecklenburg County became the highest bidder at said sale for the amount of taxes and penalties then due by the said L. W. Humphrey for his 1928 taxes in the sum of $440.27. That thereafter on 13 November, 1930, the First National Bank paid to the county of Mecklenburg the sum of $507.78, and in consideration therefor the county of Mecklenburg duly assigned the tax sale certificate describing the tract of land to John D. Shaw, trustee for the First National Bank of Charlotte, N. C., and the "said First National Bank thereby acquired the lien of the county of Mecklenburg for 1928 taxes of L. W. Humphrey." It was further alleged that subsequently E. C. Griffith bought the land subject to taxes due or which might be a lien thereon, and that on 23

September, 1923, Griffith and wife borrowed from his codefendant, Thad L. Tate, the sum of $5,350, and as security executed and delivered to the defendant, F. O. Clarkson, trustee, a deed of trust upon the property. It is further alleged that the amount of said taxes "is a lien upon the real estate hereinafter described, having precedence over the deed of trust of F. O. Clarkson, trustee." The twelfth allegation of the complaint is substantially as follows: "That this action is brought under the provisions of section 7990 of the Consolidated Statutes of North Carolina, in the nature of an action to foreclose a mortgage for the purpose of foreclosing the lien of the said taxes upon the real estate hereinbefore described, and that the plaintiffs are informed and believe that the defendants herein are all parties having any interest in said real estate, other than the lien of said taxes which is owned and held by the plaintiffs."

The prayer for relief is as follows: "Wherefore, the plaintiffs pray for a judgment of foreclosure of the tax lien, and the enforcement thereof, in accordance with said section 7990 of the Consolidated Statutes, for the appointment of a commission of the court to sell the real estate hereinbefore described for the payment of said tax lien, for the costs of this action, and for such other and further relief as the plaintiffs may be entitled to in the premises."

The defendants filed a demurrer. The grounds of the demurrer are as follows: 1. "It appears upon the face of said complaint that the cause of action therein set forth is based upon the provisions of section 7990 of the Consolidated Statutes of North Carolina, being an action to foreclose a lien for taxes in the nature of an action to foreclose a mortgage, when as a matter of fact the remedy sought to be enforced under said section is no longer available to plaintiffs, said remedy having been either repealed or merged into the remedy to foreclose tax sale certificate, as set forth in North Carolina Code of 1931, section 8028, et seq."

2. "That section 8028 of the North Carolina Code of 1931, now constitutes the sole right and only remedy for foreclosing a tax sale certificate, and that it appears upon the face of the complaint that the time had expired upon the date of the commencement of this action for the bringing of said suit according to the provisions of said section 8028," etc.

3. "That C. S., 7990, reserved a remedy for governmental subdivisions and not for individuals."

The trial judge sustained the demurrer and the plaintiffs appealed.

*John M. Robinson and Hunter M. Jones for plaintiffs.*
*Taliaferro & Clarkson for defendant.*

BROGDEN, J. Can the owner of a tax sale certificate maintain an action of foreclosure after the lapse of eighteen months from the date of the certificate?

The applicable statutes create a lien for purchasers at tax sales, and also prescribe the procedure for enforcing said lien. "Foreclosure" is the process provided for turning the lien into money. Whether such lien be a plain lien arising from the bare purchase at the sale or payment of taxes or such as may be evidenced by a certificate of sale executed by the proper officers, the sovereign may proceed under C. S., 7990, to foreclose the lien, in which event no statute of limitations is applicable. But even if the sovereign elects or chooses to foreclose the sale certificate, C. S., 8037, sets the time clock on eighteen months from the date of the certificate, and after the lapse of that period, the remedy is ineffective. *New Hanover County v. Whiteman,* 190 N. C., 332, 129 S. E., 808; *Shale Products Co. v. Cement Co.,* 200 N. C., 226, 156 S. E., 777; *Wilkes County v. Forester,* 204 N. C., 163.

It appears from the complaint that the First National Bank of Charlotte purchased the tax sale certificate from the county of Mecklenburg, and that thereafter the bank failed and the plaintiff as receiver thereof instituted an action to sell the land of the defendant upon the theory that the tax sale certificate constituted a prior lien upon the premises. In paragraph twelve of the complaint the plaintiff declares that the action is brought in accordance with C. S., 7990, but in paragraph eight it is alleged that the plaintiff bank duly took an assignment of a tax sale certificate for the property "and the First National Bank thereby acquired the lien of the county of Mecklenburg for 1928 taxes of L. W. Humphrey upon the real estate." Consequently, interpreting the complaint as a whole, it appears that the tax sale certificate is in fact the basis of the cause of action. The North Carolina Code, 1931, section 8028, declares in plain English that a holder of a tax sale certificate "shall have the right of foreclosure of said certificate of sale by civil action, and this shall constitute the sole right and only remedy to foreclose the same."

It appears from the complaint that the sale was made in June, 1929, and that the plaintiffs acquired the certificate in November, 1930, and that the action was brought on 28 January, 1932. Hence, the sole remedy available to plaintiff upon his certificate was barred at the time the action was instituted.

Notwithstanding, the judgment must be reversed, because the defendant cannot take advantage of the bar of the statute of limitations by demurrer. C. S., 405.

Reversed.