1. Civil action instituted under section 7990 of the Consolidated Statutes of North Carolina, for the purpose of foreclosing a lien of the city of Charlotte on defendants' land for a special assessment on account of local improvements to said land.
2. Pursuant to the provisions of chapter 56 of the Public Laws of 1915, the city of Charlotte opened a street, known as the Plaza, from Central Avenue to Commonwealth Avenue, and in accordance with the petition of the property owners assessed 100 per cent of the cost of the improvements, exclusive of so much of the cost thereof as was incurred at street intersections, etc., against the lots and parcels of land abutting directly on said improved street, at an equal rate per foot of such frontage. The defendants did not sign the petition for said improvements, neither did their predecessors in title. Under said proceeding, which was regular in form, the lot now owned by these defendants was *Page 261 
assessed a total of $874.38, as of December 18, 1929. The first installment in the sum of $87.52, together with interest in the sum of $52.46, or a total of $139.98, was paid on 5 October, 1931. The remaining nine installments in the sum of $87.43 each, or a total of $786.87, together with interest thereon, have not been paid.
3. The second installment of $87.43, with interest thereon, became due and payable more than ten years prior to the institution of this action, and the three and ten-year statutes of limitations were duly pleaded by the defendants.
4. In the year 1929, the assessed taxable value of the land which is involved in this action was $605.00.
5. Chapter 394 of the Private Laws of 1909, provided for an amendment to the charter of the city of Charlotte when same should be ratified by a majority of the voters of the city of Charlotte at a special election to be held for that purpose; section 85 of said act applied to special assessments on real estate in the same language as section 7 of chapter 251 of Private Laws of 1911, and contained the following language: "Provided, further, that no assessment against any piece of property improved as in this act provided, shall in any case exceed the amount of special benefit to or enhancement in value of said property by reason of said improvements, or 20 per cent of the assessed taxable value thereof; and where permanent street improvements shall be made, the property bearing such assessments shall not be so assessed again until after the expiration of ten years from the date of the last preceding assessment." The above amendment to the charter of the city of Charlotte was not ratified at the special election, and therefore said act never became a part of the charter of the city of Charlotte.
6. Chapter 251 of the Private Laws of 1911, amended the charter of the city of Charlotte, and section 7 thereof contains the identical provisions as to assessments on real estate, contained in the proposed charter, which was submitted to the voters of the city of Charlotte and rejected by them.
7. Chapter 135 of the Private Laws of 1923 is as follows: "Section 1. That section eighty-five of chapter three hundred and ninety-four of the Private Laws of one thousand nine hundred and nine, be amended by striking out in lines forty-four and forty-five the following: `or twenty per cent of the assessed taxable value thereof.' Sec. 2. That all laws and clauses of laws in conflict with this act are hereby repealed. Sec. 3. That this act shall be in force from and after its ratification. Ratified this the 1st day of March, A.D. 1923."
Upon the foregoing facts his Honor concluded as a matter of law that the city of Charlotte had the right to proceed under chapter 56 of the Public Laws of 1915, in making local improvements and levying assessments *Page 262 
therefor, but that said act was subject to the provisions in the charter of the city of Charlotte, limiting any assessment to an amount not in excess of 20 per cent of the assessed taxable value of the defendants' property; that said provision in the charter of the city of Charlotte had not been repealed. That since the assessed value of the property of defendants in 1929 was $605.00 and 20 per cent thereof was $121.00; and since on 5 October, 1931, there was paid $139.98 on the assessment, and said amount exceeds 20 per cent of the assessed taxable value of the property, plus interest thereon to the date of payment, there is no further assessment lien against the property of the defendants; and that since this action was instituted under the provisions of section 7990 of the Consolidated Statutes of North Carolina, there is no statute of limitations barring the collection of any installment of an assessment, even though installment No. 2 became due and payable more than 10 years prior to the institution of this action.
From judgment entered on the foregoing conclusions of law, the plaintiff and defendants appeal and assign error.
PLAINTIFF'S APPEAL.
The exceptions of the plaintiff relate to the conclusion of law holding that the city of Charlotte did not have the right to proceed under chapter 56 of the Public Laws of 1915, in making local improvements and levying assessments without regard to chapter 251 of the Private Laws of 1911, which was an act to amend the charter of the city of Charlotte, and in section 7 thereof, there appears the following provision: "Provided,further, that no assessment against any piece of property improved as in this act provided, shall in any case exceed the amount of special benefit to or enhancement in value of said property by reason of said improvements, or twenty per cent of the assessed taxable value thereof."
We are of the opinion that neither the general act, chapter 56 of the Public Laws of 1915, nor the private act, chapter 135 of the Private Laws of 1923, repealed the charter provision under consideration. The private act was a nullity, since it purported to repeal a provision in a proposed charter for the city of Charlotte, which charter was never adopted, but, on the contrary, was rejected by the voters of the city of Charlotte in a special election for the adoption or rejection thereof. *Page 263 
The rule as to the effect of a subsequent general statute on a local statute is stated in Felmet v. Commissioners, 186 N.C. 251,119 S.E. 353: "A local statute enacted for a particular municipality is intended to be exceptional and for the benefit of such municipality, and is not repealed by an enactment of a subsequent general law. Rogers v. U.S., 185 U.S. 83; Wilson v. Comrs.,183 N.C. 638; Alexander v. Lowrance, 182 N.C. 642; Bramham v. Durham,171 N.C. 196; S. v. Johnson, 170 N.C. 688; Cecil v. High Point,165 N.C. 431; School Comrs. v. Aldermen, 158 N.C. 197."
In S. v. Johnson, supra, the Court said: "The general law will not be so construed as to repeal an existing particular or special law, unless it is plainly manifest from the terms of the general law that such was the intention of the lawmaking body. A general later affirmative law does not abrogate an earlier special one by mere implication. Having already given its attention to the particular subject, and provided for it, the Legislature is reasonably presumed not to intend to alter the special provision by a subsequent general enactment, unless that intention is manifested in explicit language, or there be something which shows that the attention of the Legislature had been turned to the special act, and that the general one was intended to embrace the special cases within the previous one, or something in the nature of the general one making it unlikely that an exception was intended as regards the special act. The general statute is read as silently excluding from its operation the cases which have been provided for by the special one. The fact that the general act contains a clause repealing acts inconsistent with it does not diminish the force of this rule of construction. Endlich Int. Stat., 223, et seq.,Montford v. Allen, 111 Ga. 18."
In the above case, as in the instant one, special reference is made to special and local laws, and section 2, chapter 56, Public Laws of 1915, states that the act shall not repeal any special or local law or affect any proceedings under any special or local law, for the making of street, sidewalk or other improvements, etc., but that the act shall apply to all municipalities and "shall be deemed to be additional and independent legislation for such purposes and to provide an alternative method of procedure for such purposes, and to be a complete act, not subject to any limitation or restriction contained in any other public or private law or laws, except as herein otherwise provided."
The question then arises as to whether or not they can be construed inpari materia. If they cannot, and the provisions are contradictory, and repugnant, the provisions of the charter must prevail.
An examination of chapter 251 of the Private Laws of 1911 discloses that said act amends the charter of the city of Charlotte by adopting a complete method for public improvements, and of the procedure to be *Page 264 
followed in connection therewith. It will be noted that in the proviso, which the court below held limited the plaintiff to an assessment not in excess of 20 per cent of the assessed taxable value at the time the assessment was made, there is a limitation: "That no assessment against a piece of property improved, as in this act provided, shall in any case exceed the amount of special benefit to or the enhancement in value of said property by reason of said improvements, or twenty per cent of the assessed value thereof."
The paving assessment under consideration in this action was not made pursuant to the provisions of the charter of the city of Charlotte, nor as therein provided; the entire proceedings were in pursuance of and in accordance with the authority contained in chapter 56 of the Public Laws of 1915. Section 4 of chapter 251, Private Laws 1911, authorizes the board of aldermen to lay out districts or sections of streets and sidewalks for permanent improvement and to assess the cost of such improvements as may be just and proper against the abutting property; provided, the persons owning the land abutting on such street or sidewalk or public alley, or the portion thereof to be improved, which is more than one-half of the frontage abutting on such street, sidewalk or public alley, shall in writing request said board to make such improvements. The act authorizes the board of aldermen to pave, without the consent of the property owners and without requiring the property owners to file any petition in connection therewith, certain streets named in the act, which streets traversed a substantial part of the business area of the city of Charlotte, including the main streets leading thereto; and to assess the entire cost of said improvements against the real estate abutting on the street or sidewalk so improved. It may have been this group of citizens and property owners that the proviso was intended to protect. At any rate, we think the limitation is confined to assessments made pursuant to the authority contained in the act itself, and does not limit the city when proceeding under an independent and alternative law enacted for the benefit of all the municipalities of the State.
The defendants insist that the case of Flowers v. Charlotte, 195 N.C. 599,143 S.E. 142, is controlling. We do not think so. In that case the facts disclose that Louise Avenue was paved by the city of Charlotte, under the provisions of its charter in 1913, and the cost assessed 23 October, 1913. The lot in question was located at the northwest corner of Louise and Sunnyside Avenues. Sunnyside Avenue was paved under the provisions of chapter 56, Public Laws of 1915, and the cost assessed on 20 February, 1923. Another part of the proviso in the charter which we have under consideration was construed, to wit: "And where permanent street improvements shall be made the property bearing such assessment shall not be so assessed again until after the expiration of ten years *Page 265 
from the date of the last preceding assessment." This part of the proviso, unlike the one under consideration in the instant case, contains no limitation therein, but is general in its application. The court very properly held the provision binding upon the city of Charlotte, for the original assessment was made under the terms and conditions of its charter and chapter 56, Public Laws of 1915, under which the city acted in 1923, expressly provides, that: "It shall not . . . affect any proceedings under any special or local law, for the making of street, sidewalk or other improvements hereby authorized." The city having proceeded in 1913 under the terms of its charter, was bound thereby. In the instant case it did not so proceed, and plaintiff is not bound by the 20 per cent limitation in its charter.
DEFENDANTS' APPEAL.
The defendants' first exception has been disposed of in the consideration of plaintiff's appeal. The other exceptions of the defendants are without substantial merit, except No. 3, which is to the conclusion of law by his Honor: "That in view of the fact that this action was instituted under North Carolina Consolidated Statutes, section 7990, there is no statute of limitations barring the collection of any installment, even though one of said installments, being installment #2, in the amount of $87.43, with interest thereon, became due and payable more than ten years prior to the institution of the action."
Section 7990 of the Consolidated Statutes of North Carolina has been considered many times by this Court. In most of the decisions where a statute of limitations has been discussed in connection with this section, the action was for the collection of taxes. The decisions of this Court as to whether or not the three-year statute of limitations, the ten-year statute of limitations, or no statute of limitations at all applied, in actions to collect paving or other statutory assessments, have not been uniform.
These defendants plead the three-year and the ten-year statutes of limitations in this action. The defendants contend the three-year statute should apply and cite C. S., 420, as follows: "The limitations prescribed by law apply to civil actions brought in the name of the state, or for its benefit, in the same manner as to actions by or for the benefit of private parties," and Tillery v. Whiteville Lumber Co., 172 N.C. 296,90 S.E. 196. This statute has been considered by this Court a number of times, see Furman v. Timberlake, 93 N.C. 66; Wilmington v. Cronly,122 N.C. 388, 30 S.E. 9; Hospital v. Fountain, 129 N.C. 90,39 S.E. 734; Threadgill v. Wadesboro, 170 N.C. 641, 87 S.E. 521;Tillery v. Lumber Co., 172 N.C. 296, 90 S.E. 196; and Manning v. R.R., 188 N.C. 648, 125 S.E. 555. An examination of the above cases will *Page 266 
disclose that the three-year statute of limitations applies to the State, and political subdivisions thereof, in an action brought in the name of the State or for its benefit, or for the benefit of political subdivisions thereof, when the action is not brought in the capacity of its sovereignty. The instant action was brought by the city of Charlotte in its capacity of sovereignty. The case of Morganton v. Avery, 179 N.C. 551,103 S.E. 138, is cited in support of the contention that the three-year statute of limitations applies. The case was decided before the enactment of section 1, chapter 331, of the Public Laws of 1929, and is not now in point.
Judge Clark said in the opinion in the case of Wilmington v. Cronly,supra: "The Court refused to permit the collection of unpaid taxes for any year more than ten years before the bringing of this action. This was error, as stated in the opinion in the defendant's appeal. Jones v.Arrington, 94 N.C. 541. No statute of limitations runs against the sovereign unless it is expressly named therein. This is immemorial law, based on reasons of public policy, which has been observed by all governments."
The principle laid down and oft repeated in our decisions that "No statute of limitations runs against the sovereign unless it is expressly named therein," is sound, and in the collection of taxes, levied as provided by law, this principle ought not to be abridged or proscribed. To adhere to this principle is an assurance to the citizens of the State who pay their taxes promptly, that they will not be penalized by the wiping out or remitting the taxes, cost and penalties of delinquent taxpayers.
Our Constitution, Art. V, sec. 3, provides: "The power of taxation shall be exercised in a just and equitable manner, and shall never be surrendered, suspended, or contracted away. Taxes on property shall be uniform as to each class of property taxed."
The General Assembly, pursuant to the provisions of the Constitution, has established the procedure for levying and collecting taxes, and when levied "The tax lien shall continue until the taxes, plus interest, penalties and costs, as allowed by law, have been fully paid." Sec. 1704, ch. 310, Public Laws 1939.
When an action is brought by the sovereign under section 7990 to collect a tax duly levied as provided by law, no statute of limitations applies.New Hanover County v. Whiteman, 190 N.C. 332, 129 S.E. 808; ShaleProducts Co. v. Cement Co., 200 N.C. 226, 156 S.E. 777; Wilkes Countyv. Forester, 204 N.C. 163, 167 S.E. 691; Logan v. Griffith, 205 N.C. 580,172 S.E. 348. However, the sovereign may elect to institute an action for the collection of taxes, under procedure such as was formerly authorized in C. S., 8037, and now by chapter 310, Public Laws of 1939, but in such actions the sovereign is required to *Page 267 
comply strictly with the terms of the statute if the remedy is effective. The law is succinctly stated by Justice Brogden in Logan v. Griffith,supra, as follows: "`Foreclosure' is the process provided for turning the lien into money. Whether such lien be a plain lien arising from the bare purchase at the sale or payment of taxes or such as may be evidenced by a certificate of sale executed by the proper officers, the sovereign may proceed under C. S., 7990, to foreclose the lien, in which event no statute of limitations is applicable. But even if the sovereign elects or chooses to foreclose the sale certificate, C. S., 8037, sets the time clock on eighteen months from the date of the certificate, and after the lapse of that period, the remedy is ineffective."
In considering questions involving the collection of assessments in drainage districts, assessments for local improvements by municipalities and the collection of taxes, apparently no particular effort has been made to distinguish assessments from taxes; this is probably due to the fact that many of the statutes refer to both and make no distinction between them.
Does the ten-year statute of limitations apply to assessments for local improvements, even though the action to enforce the lien is brought under C. S., 7990? As stated heretofore, our decisions are conflicting. The following cases have held that the ten-year statute of limitations does apply. Schank v. Asheville, 154 N.C. 40, 40 S.E. 681; Drainage Districtv. Huffstetler, 173 N.C. 523, 92 S.E. 368; High Point v. Clinard,204 N.C. 149, 167 S.E. 690.
In the case of Schank v. Asheville, supra, the Court said: "The assessment and levy by the board of aldermen in this case had the effect of a judgment and lien." A judgment, unless renewed, is barred in ten years.
The case of Statesville v. Jenkins, 199 N.C. 159, 154 S.E. 15, construed a charter provision in the following language: "In which case the amounts due shall be and remain a lien on the lot or lots against which they are charged and assessed until fully paid," and held that the charter provision, coupled with the fact that chapter 331, subsection b, of section 1, of the Public Laws of 1929, failed to give a reasonable time to bring an action before said act became effective, made the statute of limitations inapplicable.
In the case of Asheboro v. Morris et al., 212 N.C. 331, 193 S.E. 424, the original defendants did not answer, but the purchaser of the equity, subject to the lien, did file an answer and plead the three-year statute of limitations. Plaintiff's action was brought under C. S., 7990. In the opinion the Court repeated the principle heretofore discussed: "Statutes of limitations never apply to the sovereign, unless expressly named therein," and further stated, "Where the sovereign elects or chooses to proceed under C. S., 7990, no statute of limitations is applicable"; and cites Logan v.Griffith, supra, and New Hanover County v. Whiteman, supra, *Page 268 
both of which cases involved the collection of taxes. In that case, however, not having been pleaded, the applicability of the ten-year statute was not directly involved and the provisions of sec. 1, ch. 331, Public Laws of 1929, were not called to the attention of the Court. The effect of this statute on former decisions of this Court was not decided.
Since this Court has not heretofore made a distinction between taxes and assessments for local improvements when the action was brought under C. S., 7990, should we draw that distinction now? We think so. Taxes, distinguished from special assessments, are levied on all the persons and property or all the persons and property of a certain class in a particular state, county, city, town or other governmental or territorial division, for the purpose of defraying the public expenses of that governmental or territorial division. Assessments for local improvements are levied on the property specially benefited by a local improvement in proportion to the benefit, for the purpose of defraying the cost of the improvement. 19 R. C. L., Municipal Corporations, sec. 246, p. 947. All actions to collect assessments for local improvements are in rem and the sovereign cannot obtain a personal judgment in connection therewith, nor seize the personal property, nor subject other real estate of the owner of property so improved, to the payment of special assessments. The procedure is different in the collection of taxes. The tax list in the hands of the tax collector is equivalent to an execution and the tax collector, in lieu of selling real estate for the collection of taxes due thereon, may seize personal property belonging to the taxpayer and sell same, or so much thereof as may be necessary for the satisfaction of all taxes due by the taxpayer.
The right to levy assessments, in connection with local improvements, is given to municipalities by the General Assembly as a special grant of power, and is not included in their general power to tax. Unquestionably the General Assembly has the right to fix the procedure and prescribe the limitations under which specially granted powers shall be exercised.
Section 1, chapter 331, Public Laws of 1929, provides: "No statute of limitation, whether fixed by law especially referred to in this chapter or otherwise, shall bar the right of the municipality to enforce any remedy provided by law for the collection of unpaid assessments, whether for paving or other benefits, and whether such assessment is made under this chapter or under other general or specific acts, save from and after ten years from default in the payment thereof, or if payable in installments, ten years from the default in the payment of any installments. No penalties prescribed for failure to pay taxes shall apply to special assessments, but they shall bear interest at the rate of six per cent per annum only. In any action to foreclose a special assessment the costs shall be taxed as in any other civil action, and shall include an allowance for the commissioner appointed to make the sale, which shall not be more *Page 269 
than five per cent of the amount for which the land is sold, and one reasonable attorney's fee for the plaintiff. This section shall apply to all special assessments heretofore or hereafter levied, but shall not apply to any special assessment for the collection of which an action or proceeding has heretofore been instituted."
Here the municipalities, the sovereigns, are expressly named in the statute of limitations, and we think the General Assembly intended to bar all assessments for local improvements after ten years from default in the payment thereof, or, if payable in installments, in ten years from default of any installments, and we hold that the ten-year statute of limitations is applicable to assessments for local improvements and that the same are barred from and after ten years from default in the payment thereof, or, if payable in installments, ten years from default in the payment of each installment, unless the time for payment has been extended as provided by law.
The defendants' third exception is sustained, this cause is remanded and judgment will be entered in conformity with this opinion.
Plaintiff's appeal
Reversed.
Defendants' appeal
Error and remanded.