GUILFORD COUNTY AND CITY OF HIGH POINT v. CLARENCE C. BOYAN AND WIFE, MARGARET W. BOYAN; LEE F. STACKHOUSE, TRUSTEE FOR CLARENCE C. BOYAN AND WIFE, MARGARET W. BOYAN; JIMMY D. RIDGE; AND PIEDMONT HARDWOOD LUMBER COMPANY

No. 7818DC86

(Filed 21 August 1979)

1. **Municipal Corporations § 28— action to recover installments on special assessments — statute of limitations**

    The legislature did not intend for G.S. 160A-233(d) to bar a city's action for installments of special assessments falling due within the ten-year limitation period, even when installments which became due more than ten years before the institution of the action are sought to be included in the action; rather, the legislature intended that the limitation period as to each installment should run from the due date of that installment.

2. **Municipal Corporations § 28— foreclosure of special assessment lien — attorney's fee**

    Construed together, G.S. 160A-233(c) and G.S. 105-374(i) provide for an award of one reasonable attorney's fee, in the court's discretion, in a foreclosure of a special assessment lien by action in the nature of an action to foreclose a mortgage.

APPEAL by plaintiff City of High Point from *Hatfield, Judge.* Judgment entered 17 October 1977 and Order entered 9 November 1977 in District Court, GUILFORD County. Heard in the Court of Appeals at Winston-Salem 15 November 1978.

This is an appeal from judgment of dismissal entered against plaintiff based on the trial court's conclusion that plaintiff's entire claim was barred by the ten-year limitation provision of G.S.

160A-233(d). The plaintiff City of High Point (hereinafter "plaintiff") brought this action by filing a complaint on 24 January 1975 seeking to foreclose 1963 and 1964 water and sewer assessment liens upon property at 701 Oakview Road in High Point. (The complaint also included claims to foreclose the liens of unpaid ad valorem taxes due to Guilford County and the City of High Point for the years 1971 through 1974, but these taxes were paid during the pendency of this litigation, and no question concerning these taxes is presented on this appeal.) The water and sewer assessments were payable in five equal annual installments, each successive installment being due on the anniversary date of the first installment. The first installment of the 1963 assessment was due on 6 December 1963. The first installment of the 1964 assessment was due on 20 November 1964.

By amended answer, defendants pled the statute of limitations as a bar to plaintiff's action. At the close of the plaintiff's evidence the trial court entered judgment of dismissal against the plaintiff on 17 October 1977 after making findings of fact and the following conclusion of law:

> That the plaintiff City of High Point is barred from maintaining this action or proceeding to enforce, collect or foreclose on the special assessments against the real property of the defendant Jimmy D. Ridge, located in the City of High Point at the intersection of James Road and Oakview Road and known as 701 Oakview Road, by reason of the failure of the plaintiff City of High Point to commence this action or proceeding within ten (10) years from the date that the assessments or the earliest installments thereof included in this action or proceeding became due.

On 12 October 1977, plaintiff filed a petition for attorney's fees and a motion to amend its complaint to seek only recovery of installments of assessments becoming due within ten years next preceding the filing of the complaint. On 9 November 1977 the trial court entered an order allowing plaintiff's 12 October 1977 motion to amend its complaint and denying plaintiff's petition for attorney's fees.

From judgment of dismissal and denial of attorney's fees, plaintiff appeals.

*Hugh C. Bennett, Jr., for the plaintiff appellant.*

*Joseph E. Slate, Jr., and W. Edmund Lowe for the defendant appellees.*

PARKER, Judge.

[1]   G.S. 160A-233(d) provides:

> (d) No city may maintain an action or proceeding to enforce any remedy for the foreclosure of special assessment liens unless the action or proceeding is begun within 10 years from the date that the assessment or the earliest installment thereof included in the action or proceeding became due. Acceleration of installments under subsection (b) shall not have the effect of shortening the time within which foreclosure may be begun, but in that event the statute of limitations shall continue to run as to each installment as if acceleration had not occurred.

The intent of the legislature controls our interpretation of this statute. Taken out of context and read literally, the first sentence of G.S. 160A-233(d) appears to provide that if the foreclosure action includes any installment payments falling due more than ten years prior to institution of the action, maintenance of the entire action is completely barred even as to those installments falling due within the limitation period. Thus interpreted, the first sentence has an effect which is both illogical and contrary to the way in which statutes of limitations normally operate. The inherent illogic of the sentence's literal meaning, the sentence's context, and the statute's history all show, and we find, that the legislature did not intend to bar an action for installments of assessments falling due within the ten-year limitation period, even when installments which became due more than ten years before the institution of the action were sought to be included in the action.

The second sentence of G.S. 160A-233(d) makes plain that the legislature intended the statute of limitations to run anew from the due date of each individual installment. G.S. 160A-233(d) provides that "[i]f any installment of an assessment is not paid on or before the due date, all of the installments remaining unpaid shall immediately become due and payable . . . ." The second sentence

of G.S. 160A-233(d) provides that this acceleration shall not have the effect of shortening the limitation period, "but in that event the statute of limitations shall *continue* to run as to *each* installment as if the acceleration had not occurred." (Emphasis added.) The second sentence of G.S. 160A-233(d) would be meaningless if the first sentence were interpreted to mean that the statute of limitations runs as to all installments from the due date of the earliest installment sued for.

The statute's history, always an important tool in statutory interpretation and here made particularly significant by G.S. 160A-2, shows a legislative intent for a running of the limitation period as to each installment from the due date of that installment. The previous version of this statute of limitations, enacted by 1929 Public Laws, ch. 331, s. 1(b), former G.S. 160-93, read:

> No statute of limitation . . . shall bar the right of the municipality to enforce any remedy provided by law for the collection of the unpaid assessments . . . save from and after ten years from default in the payment thereof, or if payable in installments, ten years from the default of any installments.

In somewhat clearer language than the present statute, former G.S. 160-93 provided for a limitation period of "ten years from the default of any installments," or, as our Supreme Court interpreted it in *Charlotte v. Kavanaugh*, 221 N.C. 259, 20 S.E. 2d 97 (1942), ten years from the default of *each* installment.

Former G.S. 160-93 is given continuing importance for interpretation of G.S. 160A-233(d) by G.S. 160A-2 which provides, "The provisions of this Chapter, insofar as they are the same *in substance* as laws in effect as of December 31, 1971, are intended to continue such laws in effect and not to be new enactments." (Emphasis added.) G.S. 160-93 was repealed effective 1 January 1972. 1971 Sessions Laws, ch. 698, s. 2. The limitation provision of G.S. 160A-233(d) is the same in substance as the limitation provision of former G.S. 160-93. In accordance with G.S. 160A-2, we interpret G.S. 160A-233(d) in uniformity with the interpretation which our Supreme Court gave former G.S. 160-93 in *Charlotte v. Kavanaugh, supra.*

We note that the question we have addressed here may have been rendered irrelevant by the trial court's allowing plaintiff's motion to amend its complaint to seek only those installments which fell due within the statutory period. We have addressed the question nevertheless because it is apparent that the trial court's judgment of dismissal was based upon an erroneous interpretation of G.S. 160A-233(d).

[2]  The appellant also assigns error to the denial of its petition for attorney fees. The trial court in its 9 November 1977 order found that plaintiff's attorney's services in the action "were directed primarily toward the collection of assessments deemed by this court to be barred as previously stated herein and, therefore, should not be allowed."

This action was originally brought by Guilford County and the City of High Point to foreclose liens for delinquent ad valorem taxes as well as to foreclose the liens for unpaid 1963 and 1964 City of High Point water and sewer assessments upon the property. The delinquent taxes were paid by the defendants before entry of judgment in this action, leaving only the assessments unpaid. The procedure for foreclosure of assessment liens is prescribed by G.S. 160A-233(c) which provides: "Assessment liens may be foreclosed under any procedure prescribed by law for the foreclosure of property tax liens . . . ." In this case plaintiff chose to foreclose its assessment liens by means of the procedure prescribed by G.S. 105-374 entitled, "Foreclosure of tax lien by action in nature of action to foreclose a mortgage."

G.S. 105-374(i) provides:

Costs.—Subject to the provisions of this subsection (i), costs may be taxed in any foreclosure action brought under this section in the same manner as in other civil actions . . . .

The word "costs" as used in this subsection (i) shall be construed to include one reasonable attorney's fee for the plaintiff in such amount as the court shall, in its discretion, determine and allow.

Construed together, G.S. 160A-233(c) and G.S. 105-374(i) provide for an award of one reasonable attorney's fee, in the court's discretion, in a foreclosure of an assessment lien by action in nature of action to foreclose a mortgage. The ruling of the trial

court denying an attorney fee in this case does not appear to have been made as a matter of discretion but as a matter of law. Upon remand of this case, plaintiff's attorney may reapply to the court for allowance of one reasonable attorney's fee, which application will be addressed to the trial court's sound discretion.

The judgment dismissing plaintiff's action is reversed and this cause is remanded for further proceedings relating to foreclosure of the unpaid installments of the assessments which fell due within ten years prior to institution of this action.

Reversed and remanded.

Judges MARTIN (Robert M.) and ERWIN concur.