GUILFORD COUNTY AND CITY OF HIGH POINT, Plaintiffs v. CLAR-
ENCE C. BOYAN and wife, MARGARET W. BOYAN; LEE F. STACK-
HOUSE, Trustee for CLARENCE C. BOYAN and wife, MARGARET W.
BOYAN; JIMMY D. RIDGE; and PIEDMONT HARDWOOD LUMBER
COMPANY, Defendants

No. 8018DC386

(Filed 4 November 1980)

1. **Municipal Corporations § 28– lien for water and sewer assessment – prior identical action dismissed with prejudice – lien not enforceable**

    Plaintiff city could not enforce a lien for an assessment against a lot where plaintiff had previously brought an action to enforce a lien based on the identical assessment; the previous action was terminated by plaintiff's taking a voluntary dismissal with prejudice; and a third party purchased the lot before the dismissal was amended to show it was without prejudice.

2. **Municipal Corporations § 28– lien for water and sewer assessment – bona fide purchaser of land for value**

    In an action to enforce a lien for water and sewer assessments, there was no merit to plaintiff's contention that one defendant was not a bona fide purchaser for value of the land in question, since testimony by the original owner that he sold the property to the third person supported a finding that the third person gave value for the property, and the fact that the public record showed the previous action for enforcement of the lien had been dismissed with prejudice supported the finding that the third person was a bona fide purchaser.

3. **Municipal Corporations § 28– lien for water and sewer assessment – attorney fee not part of costs in action to recover**

    In an action to enforce a lien for water and sewer assessments where plaintiff had previously brought an action to enforce a lien based on the identical assessment which was terminated by plaintiff's taking a voluntary dismissal with prejudice, the trial court did not abuse its discretion by not allowing an attorney's fee to be taxed as part of the costs. G.S. 105-374(i).

APPEAL by plaintiff City of High Point from *Pfaff, Judge.* Judgment entered 7 December 1979 in District Court, GUILFORD County. Heard in the Court of Appeals 14 October 1980.

This is the second time the matters in controversy in this case have been to this Court. *See Guilford County v. Boyan,* 42 N.C. App. 627, 257 S.E. 2d 463 (1979). This action was commenced on 24 January 1975 to foreclose liens for taxes and water and sewer assessments. The claims for tax liens have been settled and are not involved in this appeal. The defendants pled that the claim to enforce a lien for the water and sewer assessments

was *res judicata* and barred. It was established by the pleadings and admissions that an action was commenced in November 1970 by the City of High Point against the defendants Boyan for the assessments involved in the case *sub judice*. On 5 October 1971 the plaintiff took a voluntary dismissal with prejudice pursuant to G.S. 1A-1, Rule 41(a)(1)(i). The defendants Boyan, by warranty deed recorded on 31 December 1974, conveyed the property upon which the lien was claimed to the defendant Jimmy D. Ridge. On 5 October 1976, the court allowed the plaintiff's motion to amend the dismissal taken on 5 October 1971 to read that it was "without prejudice."

On 12 October 1979, the plaintiff made a motion for summary judgment upon which the court did not rule. The case was tried by the court without a jury. After hearing the evidence, the court found as a fact that Jimmy D. Ridge was a bona fide purchaser for value. It concluded that, at the time of the purchase of the property, the voluntary dismissal with prejudice was a final judgment, and that the City of High Point was not entitled to a lien. The action was dismissed. Plaintiff City of High Point appealed.

*Hugh C. Bennett, Jr. for plaintiff appellant.*

*Boyan and Loadholt, by Clarence C. Boyan and Kathleen Nix Loadholt, for Clarence C. Boyan and Margaret W. Boyan, and W. Edmund Lowe, for Jimmy D. Ridge, defendant appellees.*

WEBB, Judge.

The plaintiff City of High Point brings forward three assignments of error. It first contends the court erred by not ruling on its motion for summary judgment. We do not believe this assignment of error presents any question for review. The case was tried. This eliminated the need for a hearing on the motion for summary judgment.

[1] The plaintiff's second assignment of error is to the judgment dismissing the action. An action to enforce a lien for an assessment is an action *in rem*. A personal judgment cannot be had against the landowner. *Charlotte v. Kavanaugh*, 221 N.C. 259, 20 S.E. 2d 97 (1942); Webster, *Real Estate Law in North Carolina*, § 372, p. 501 (1971). If any judgment may be had it must be against the property. The question posed by this

assignment of error is whether the City of High Point may enforce a lien for an assessment against a lot when the City has previously brought an action to enforce a lien based on the identical assessment, the previous action has been terminated by the City's taking a voluntary dismissal with prejudice and a third party has purchased the lot before the dismissal was amended to show it was without prejudice. We hold that the City may not enforce such a lien. Jimmy D. Ridge had a right to rely on the entry of a dismissal with prejudice at the time he purchased the property, and he may use this dismissal to support a plea of *res judicata* as to the enforcement of a lien against his property. Since an action to enforce a lien for an assessment is an *in rem* action, the court properly dismissed the action against the Boyan defendants who no longer had an interest in the property.

[2] The plaintiff excepted and assigned error to the court's finding that Jimmy D. Ridge was a bona fide purchaser for value. Clarence C. Boyan testified that he sold the property to Jimmy D. Ridge. This evidence supports a finding that Jimmy D. Ridge gave value for the property. The fact that the public record showed the previous action had been dismissed with prejudice supports the finding that Jimmy D. Ridge was a bona fide purchaser.

Plaintiff contends that *Seattle v. Kelleher*, 195 U.S. 351, 25 S. Ct. 44, 49 L.Ed. 232 (1904) is precedent for a holding that Jimmy D. Ridge cannot be a bona fide purchaser for value. In *Kelleher* there had been no action to enforce the assessment which was terminated with a final judgment. That distinguishes it from the case *sub judice*.

[3] The plaintiff's last assignment of error is to the court's failure to allow a reasonable attorney's fee. G.S. 105-374(i) gives the court the power in its discretion to allow a reasonable attorney's fee to be taxed as a part of the costs in actions to foreclose tax liens. In this action the costs were taxed against the plaintiff. We hold the court did not abuse its discretion by not allowing an attorney's fee to be taxed as part of the costs.

Affirmed.

Judges CLARK and WHICHARD concur.