CITY OF DURHAM v. CLAIR M. HERNDON AND WIFE, MARY D. HERNDON

No. 8214SC365

(Filed 15 March 1983)

1. **Eminent Domain § 16; Municipal Corporations § 28— attachment of condemnation proceeds to satisfy special assessments proper**

     Because personal property can be attached for payment of a property tax lien, and special assessments can be foreclosed under the same procedure as property tax liens, it was proper for the City of Durham to attach a condemnation proceeds check due defendants as partial payment of unpaid special assessments. G.S. 160A-233(c), G.S. 105-366, G.S. 105-368(a), and G.S. 105-366(b).

2. **Municipal Corporations § 28— enforcement of special assessment—notice of attachment of condemnation proceeds**

     The notice of attachment of condemnation proceeds to partially satisfy an unpaid special assessment was valid under G.S. 105-368(b) where the notice stated the amount of taxes, penalties, interest, and assessments but did not contain "the year or years for which the taxes were imposed."

APPEAL by plaintiff from *Lee, Judge.* Judgment entered 15 October 1981 in Superior Court, DURHAM County. Heard in the Court of Appeals 15 February 1983.

This appeal is the result of the denial of the plaintiff's attempt to satisfy unpaid special assessments by attaching a check for condemnation proceeds that it owed to the defendants.

On 27 August 1981, a jury found that the plaintiff owed the defendants $2,758 plus interest as just compensation for appropriation of their property for street improvements in 1975.

Because the defendants owed the plaintiff for delinquent special assessments, the plaintiff sought to attach the condemnation check. The defendants were served with notice of the attachment on 11 September 1981. On that same date, the city attorney notified the Durham County Clerk of Superior Court of the attachment.

On 18 September, the defendants served the plaintiff with notice of defenses to the attachment. The defendants alleged that the plaintiff could not attach the condemnation proceeds as a matter of law, that the notice of attachment was inadequate, and that special assessments cannot be collected by attachment.

The defendants caused an execution of the condemnation judgment to be issued on 21 September. On 29 September, the plaintiff moved to quash this execution and to uphold its attachment. The plaintiff also filed notice of objection to the defendants' defenses on the same date.

Following a hearing on the matter, the trial judge issued an order denying the plaintiff's motion to quash execution and granting the defendants' motion to dismiss the notice of attachment. From this order, the plaintiff appealed.

*Durham City Attorney W. I. Thornton, Jr., by Assistant City Attorney D. Reed Thompson, for the plaintiff-appellant.*

*Upchurch, Galifianakis & McPherson, by William V. McPherson, Jr., for the defendant-appellees.*

ARNOLD, Judge.

[1] The first question presented on this appeal is whether a city can collect delinquent special assessments by attaching its check for payment of a condemnation judgment.

The general rule in North Carolina is that a lien for unpaid special assessments does not make the owner of the burdened

real property personally liable for the assessment. Instead, the land itself is subject to the lien, and any action to collect the assessment may be enforced only by foreclosure against the land. J. Webster, Real Estate Law in North Carolina § 455 (Hetrick rev. 1981) and cases cited therein.

An action to collect unpaid special assessments is in rem, *i.e.*, against the land itself, and a personal judgment cannot be obtained against anyone. *City of Charlotte v. Kavanaugh*, 221 N.C. 259, 20 S.E. 2d 97 (1942); *Guilford County v. Boyan*, 49 N.C. App. 430, 272 S.E. 2d 1 (1980). Although the city acknowledges this general rule, it argues that it has special authority to collect assessments by attachment under the General Statutes, its charter, and an opinion of the North Carolina Attorney General on this subject.

Under G.S. 160A-233(c), an assessment lien may be foreclosed under any procedure prescribed by law for the foreclosure of property tax liens. G.S. 105-366 allows tax collectors to proceed against the taxpayer's personal property to enforce collection of property taxes. G.S. 105-368(a) permits attachment of "other compensation . . . or any other intangible property . . . to the extent prescribed in G.S. 105-366(b), (c), and (d)." G.S. 105-366(b) allows attachment of personal property after taxes are due.

Thus, because personal property can be attached for payment of a property tax lien, and special assessments can be foreclosed under the same procedure as property tax liens, it was proper here to attach the condemnation proceeds check as partial payment of the unpaid assessments.

The Durham Charter, as consolidated in 1975 N. C. Sess. Laws Ch. 671, supports our holding. Section 43 provides that when assessment liens are unpaid, the city revenue collector "shall proceed to collect the same by the same process and in the same manner as he is authorized to collect taxes due upon the property. . . ." As discussed above, G.S. 105-366(b) allows attachment of personal property as a method of collecting property taxes.

Two other provisions of the charter are helpful. Section 77(23) allows the sale of property for unpaid special assessments under the same rules as for the sale of land for unpaid taxes. Section 77(2) states that the procedure in the city charter is not

meant to be the exclusive method for collecting special assessments. Thus, the charter presents no obstacle to attachment as a means to collect special assessments.

The intent of the legislature in this area, as expressed in two sections of G.S. 160A, guides us in our reasoning. G.S. 160A-3(b) provides

> When a procedure for the performance or execution of any power, duty, function, privilege, or immunity is provided by both a general law and a city charter, but the charter procedure does not purport to contain all acts necessary to carry the power, duty, function, privilege, or immunity into execution, the charter procedure shall be *supplemented* by the general law procedure . . . .

(emphasis added). Because section 77(2) of Durham's charter states that it is not the exclusive method to collect unpaid special assessments, the provisions of the General Statutes allowing collection by attachment of personal property supplement the charter. G.S. 160A-4 states that the authority of cities to execute the powers conferred on them by law shall be broadly construed.

Thus, the Durham Charter and the relevant chapters of the General Statutes support our holding. In addition, the 27 January 1976 opinion letter from the Attorney General to the plaintiff on this issue is in accord with this decision.

Our resolution of the case does not ignore the reasoning of the learned trial judge or contrary authority. *See, e.g., Webster, supra,* at § 455; 70 Am. Jur. 2d *Special or Local Assessments* § 171 (1973); Annot., 127 A.L.R. 551 (1940). But because of our construction of the statutes and charter before us, we find any contrary authority inapplicable to this case.

[2] The other question presented is whether the notice of attachment given by the plaintiff was valid under G.S. 105-368(b). Proper notice under this statute is a prerequisite to a valid attachment.

The defendants argue that the requisite notice was not met here. They point specifically to G.S. 105-368(b)(2) which states that the notice shall contain "[t]he amount of the taxes, penalties, in-

terest, and costs (including the fees allowed by this section) and the year or years for which the taxes were imposed."

The notice here states the amount of taxes, penalties, interest, and assessments. This meets the requirement of the statute even though the amount stated is not divided specifically into these categories.

Although the notice does not contain "the year or years for which the taxes were imposed," this omission is not fatal. Giving notice to those whose property is attached, which is the purpose of the statute, was accomplished.

As a result, we reverse the trial court's refusal to quash the writ of execution and its grant of the defendants' motion to dismiss the notice of attachment. Since the attachment of the condemnation check was proper, judgment should be entered for the plaintiff.

Reversed.

Judges BECTON and PHILLIPS concur.